SAMUEL, Judge.
This suit involves oil, gas and mineral leases on immovable property in the Parish of LaFourche. Each of the two plaintiffs owns an undivided Vmtb. interest in the property; the remaining co-owners (herein referred to as “appellants”) are Mrs. Laura Serpas Brady and Acme Land & Timber Co., Ltd., each of whom owns an undivided %oths. All of these owners executed similar but separate leases, to the extent of each lessor’s ownership, in favor of Helis Petroleum Corp.
Plaintiffs instituted this suit against Helis and various other defendants having an interest in the leases through that lessee. The suit originally sought cancellation of plaintiffs’ leases and statutory damages for loss of bonus and attorney’s fees in connection therewith as provided by LSA-R.S. 30:102. The petition, which was filed (in 1958) prior to the effective date of the Code of Civil Procedure, was amended twice, the first amendment prior, and the second amendment subsequent, to the effective date of said code. The first amendment enlarged the original allegations relative to the sales and assignments of the leases by the original lessee. The petition reserved plaintiffs’ rights to claim damages for the drilling of a dry hole commenced subsequent to the expiration of the leases and the second amendment claimed damages for such drilling. (Drilling was in process when the petition was filed and the fact that a dry hole resulted apparently was not known until a later date but prior to the filing of the second amendment.) . .
One of the allegations of the original petition named appellants as parties defendant but no relief was ever prayed for or sought against them. Appellants were cited to appear and answer the original petition and served with a copy thereof. They received no further notices or services of any kind. Neither of the appellants answered the petition or made any appearance in the suit; neither asserted any claim against the other defendants, opposed any claim by plaintiffs, nor took any position in opposition to or in favor of either plaintiffs or the other defendants. Mrs. Brady, who also appears to be president and owner of a majority of the capital stock of the other appellant, testified as a witness during the trial on the merits.
Before issue was joined as to any defendant the leases were released and cancelled effective as to all lessors.
After lengthy trials of two sets of exceptions and a trial on the merits which lasted ten days, the district court rendered judgment on the merits in favor of plaintiffs and against Helis and the other defendants hold *262 ing under that lessee for statutory damages for loss of bonus and attorney’s fees. The judgment also granted damages in favor of plaintiffs and against the assignee operator alone for the wrongful drilling of a “dry hole” on the property. No judgment was rendered against the appellants and in its reasons for judgment the trial court observed that no relief was prayed for against them.
The various defendants against whom the judgment was rendered have appealed from that judgment. Mrs. Brady and Acme Land & Timber Co. have also appealed. Plaintiffs have filed a motion to dismiss the appeal of the co-owners who, in turn, have filed a motion to annul and set aside the trial court judgment and to remand the case to be tried again contradictorily against them. These two motions are the only matters before the court at this time.
In connection with their motion to annul and remand appellants argue that the leases were not separate leases but counterparts of a single lease and that all of the lessors, plaintiffs and appellants, were indispensable or necessary parties to this action so that the failure to serve appellants with the various required notices during the litigation after the original petition renders the proceedings and judgment invalid. We do not agree.
Assuming arguendo that the leases are counterparts and there is only one lease signed as lessors by plaintiffs and appellants, the latter can obtain no comfort either from the applicable law at the time the petition and first amendment were filed or from the Code of Civil Procedure, which was the applicable law at the time of the second amendment and the trial.
The holding of Hincks v. Converse, 38 La.Ann. 871, that it was not necessary for all joint obligees to join in an action to enforce a joint right, was the law in Louisiana in 1958. That rule was changed by LSA-Code of Civil Procedure Art. 643, the pertinent part of which reads: “All joint obligees are necessary parties to an action to enforce a joint right, and all joint obligors are necessary parties to an action to enforce a joint obligation.” But under the present rule of the code the failure to join a necessary party may be pleaded only in the dilatory exception (LSA-Code of Civil Procedure Art. 645) and that exception must be pleaded prior to answer or judgment by default (LSA-Code of Civil Procedure Art. 928). Thus the joinder of such an obligee, primarily to prevent judicial harassment of the obligor, is for the obligor’s benefit; he is not required to plead the nonjoinder unless he wishes to do so; and the court cannot notice the defect on its own motion. 'See LSA-Code of Civil Procedure Art. 643, Comment (a). And LSA-Code of Civil Procedure Art. 642 specifically permits the adjudication of an action even if all necessary parties are not joined therein. Thus under the prior law appellants were not necessary parties and under the present code the trial court was correct in proceeding with the trial and adjudication even in the absence of appellants.
The motion to dismiss is based upon the contention that the appellants have no interest affected by the judgment and therefore have no right to appeal therefrom.
LSA-Code of Civil Procedure Art. 2082, which provides “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court”, is a replacement of Code of Practice Art. 564, which provided “An appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the judgment of an inferior court corrected.” Since appeal was a “right” under Art. 564 (see Code of Practice Art. 571), these two articles are substantially the same and, at least in connection with the issue involved in the present motion to dismiss, the jurisprudence under the Code of Practice is applicable under the present Code of Civil Procedure. Under that jurisprudence a party who has no interest in changing the *263 judgment of the lower court cannot appeal. Arrowsmith v. Rappelge, 19 La.Ann. 327. And an appellant may be said to have no interest in his appeal only when he cannot benefit by any reversal or change in the judgment from which he appeals. See Succession of Porter, Orleans No. 7887; Bivona (or Bevona) v. Fontana, Orleans No. 7981.
LSA-Code of Civil Procedure Art. 2086, which permits an appeal by a person who could have intervened in the trial court, is of no aid to the present appellants. That article does not give to the person who could have intervened any greater right of appeal than possessed by one of the party litigants who must have an interest in changing the judgment of the lower court.
Appellants suggest that any subsequent action by them could be successfully met by a plea of judicial estoppel, prescription or res judicata. But no demand was made against the appellants, no judgment could have been obtained against them, and they were not required to make any appearance or do anything at all in this suit. The principle of judicial estoppel could have no application under these circumstances. Nor, in view of the fact that relief has been demanded of the lessee and its assigns only by the plaintiffs and not by the appellants, could the judgment herein constitute res judicata as to the appellants. LSA-C.C. Art. 2286. And the prescription complained of, dependent as it is only upon the inaction of appellants, is unaffected by this suit.
The only matter in which appellants conceivably could have had an interest is that involving the cancellation of plaintiffs’ leases and the possible effect of such a cancellation on the leases granted by appellants. But this is a matter which became moot prior to the adjudication or the trial, for all of the leases, including those of the plaintiffs as well as those of appellants, were voluntarily released and cancelled before issue was joined as to any of the parties.
Any rights which appellants have or had could have been exercised by them only as plaintiffs in this or another suit and such rights are not affected by the judgment sought to be appealed from. They will lose nothing if that judgment is maintained and can gain nothing if it is changed.
For the reasons assigned, the motion by Mrs. Laura Serpas Brady and Acme Land & Timber Co., Ltd. to annul and set aside the trial court judgment and to remand the case to be tried again contradictorily against them is denied and the appeal taken by Mrs. Brady and Acme Land & Timber Co., Ltd. is dismissed, costs to be paid by said appellants.
Motion to annul and remand denied; motion to dismiss maintained.