630 So.2d 247 (1994)
Raymond ROCHON
v.
Buddy ROEMER, Governor, et al.
No. 93-CP-2444.
Supreme Court of Louisiana.
January 7, 1994.
Rehearings Denied February 11 and March 25, 1994.
*248 PER CURIAM.
This is a review of a judgment imposing sanctions for violations of La.C.C.P. art. 863. Raymond Rochon, while an inmate at the Louisiana State Penitentiary, brought a tort suit against several named defendants. Having no response to this action, Rochon obtained a preliminary default judgment. The default judgments were vacated when defendants filed a peremptory exception and answer. The plaintiff filed several pleadings thereafter, including a motion to reinstate the entry of default. This motion was denied. Later the plaintiff submitted a motion for confirmation of the default. The trial court denied this motion and found, after a hearing on the matter, that La.C.C.P. art. 863 had been violated. Sanctions were imposed on the plaintiff in the form of a $3500 fine and an order that all lawsuits of the plaintiff would be stayed until the fine was paid. On appeal, the court of appeal reduced the amount of the fine to $900.
The crucial issue presented in this writ application is whether the stay order violates the constitutional right of access to the courts. It is established beyond doubt that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). In this case, no state or federal statute operates to deny Rochon access to the court, whatever the nature of his claim. The district court and court of appeal's order, however, suspends access to the court. The order prohibits further litigation of any of claims until payment of the fine. On its face the court's order is unlimited as to the nature of claims and appears to be equally applicable to civil complaints, constitutional claims, and non-constitutional claims.
A court may impose sanctions upon a litigant so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts. We agree that sanctions are an appropriate remedy to prevent abuse of the judicial process. Restrictive conditions, other than total preclusion, which are available include assessment of damages to the prevailing party, imposition of costs, and contempt proceedings. In light of the fact that the plaintiff has been recognized with pauper status, the court's order constitutes a potentially total barrier to the filing of actions. Such an order unduly impairs the petitioner's constitutional right of access to the courts.
*249 Accordingly, the judgment of the court of appeal, 624 So.2d 50, is reversed with respect to the order requiring full payment of sanctions before further litigation. In all other respects the judgment is affirmed.
LEMMON, J., concurs in the order, but would not hold a non-lawyer who simply files a motion (that was immediately denied) for greater sanctions that are necessary to evidence the opponent's expenses for defending the motion.
ORTIQUE, J., concurs in part and dissents in part, believing that it is inappropriate to assess any sanctions against this plaintiff.
HALL, J., not on panel.