| -¿SCHOTT, Chief Judge.
This is an appeal from a judgment “entered orally” but never signed by the trial court. On the court’s own motion, appellants were ordered to show cause why the appeal shouíd not be dismissed.
Every final judgment shall be signed by the judge, and no appeal may be taken from a final judgment unless this requirement has been fulfilled. LA C.C.P. art. 1911. Appellants concede that the absence of a signed judgment is fatal to their appeal and mandates dismissal of their appeal as premature, but they contend that they are entitled to an opportunity to cure this “defect” and ask that they be granted ten days to cure the defect by obtaining a signed judgment from the district court. They rely upon Overmier v. Traylor, 475 So.2d 1094 (La.1985) in support of their argument and request.
The Overmier ease is not controlling in this instance. There the trial court granted the appeal on June 1,1984, and there was no signed judgment at that time. However, a judgment was signed on July 17, 1984. By the time the court of appeal dismissed the appeal on September 18,1984, it was too late for the appellants to take an appeal from the signed judgment. As the court noted, this “resulted in the dismissal of an otherwise valid appeal at a time when it was too late for appellants to file another motion for a sus-pensive appeal.” The [ ¡--¡court held that the correct interpretation of the law is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed. In a footnote the court further noted that when a premature appeal is dismissed before the judgment is signed, the appellant still has the opportunity to perfect an appeal once the judgment is signed.
From the foregoing discussion, the result in the instant case is clear. Since there is no signed judgment the appeal must be dismissed as premature. If and when the trial court signs a judgment appellants will have the opportunity to perfect an appeal from the judgment.
Accordingly, the appeal is dismissed.

APPEAL DISMISSED.