DENNIS R. BAGNERIS, SR., Judge.
| ]Defendants/appellants, Elder Joseph Roberts (“Roberts”) and Regional Neighborhood Community Development Corporation (“RNCDC”), appeal two judgments of the trial court: (1) a judgment granting Plaintiff Greater Rose Hill Baptist Church’s (“Greater Rose Hill”) partial motion for summary judgment against Roberts and RNCDC for four hundred thousand dollars; and (2) a judgment granting summary judgment in favor of defendants New Orleans Music Hall of Fame (“NOMHF”), Jerome “Popagee” Johnson (“Johnson”), and Urban Development Group, LLC (“Urban Development”), and dismissing Greater Rose Hill’s claims against them with prejudice. For the following reasons, we hereby affirm the trial court’s judgment granting partial summary judgment in favor of Greater Rose Hill and against Roberts and RNCDC for four hundred thousand dollars, but because we find that there is no right of appeal for Roberts and RNCDC to appeal the dismissal of Greater Rose Hill’s action against defendants NOMHF, Johnson, and *970 Urban Development, we hereby grant the motion to strike that portion of the appeal.
| .FACTS AND PROCEDURAL HISTORY
In May of 2007, Greater Rose Hill filed a petition for breach of promissory obligation, breach of fiduciary duties, and damages for fraud against Roberts, RNCDC, Ra’Shaud Haines, Liberty Bank and Trust Company, Johnson, NOMHF and Urban Development seeking the return of $400,000.00. According to Greater Rose Hill, it agreed to pledge a $400,000.00 Certificate of Deposit to secure the principal obligation of the Urban Development. However, Liberty Bank loaned the money to RNCDC and when RNCDC defaulted, the bank converted Greater Rose Hill’s pledged Certificate of Deposit.
In June 2010, Greater Rose Hill filed a motion for summary judgment against the defendants alleging that it never authorized the transaction for which Liberty Bank accepted the pledge and that it is entitled to summary judgment against: (1) Liberty Bank for the full amount of $400,000.00 because Liberty Bank and/or Ra’Shaud Haines as its agent, was required to protect the parties’ interest by preparing its legal loan documents naming the correct parties to the loan agreement; (2) Elder Roberts and RNCDC, in the full amount of $400,000.00 because the church stands in the shoes of Liberty Bank when the underlying obligation defaulted and Liberty took the Church’s $400,000.00; and (3) NOMHF, Johnson, Urban Development in the amount of $160,000.00 because Johnson admitted he accepted funds in that amount from the collateral CD pledged by the Church. In support of its motion for summary judgment, Greater Rose Hill attached: (1) Roberts’ economic development plan for RNCDC; (2) a letter signed by Aaron Harold as President of Greater Rose Hill to Ra’Shaud Haines, of Liberty Bank, indicating that the “loan is expected to serve as sufficient collateral for a loan extension in the amount of $400,000.00 by Liberty National Bank to Urban ^Development Group, LLC;” (3) the Executive Summary for the NOMHF; (4) Greater Rose Hill’s corporate resolution to borrow, signed on August 15, 2005, whereby the church authorized its President, Dr. Aaron Harold, to enter into a collateral loan for $400,000.00 to the Urban Development for a period of 90 days; (5) Roberts and RNCDC’s responses to Greater Rose Hill’s interrogatories; (6) the articles of organization for Urban Development; (7) the articles of organization for The National Jazz Music Hall of Fame, Inc.; (8) the articles of organization for The New Orleans Black Music Hall of Fame, Inc.; (9) the articles of organization for The South Rampart Street Jazz and Neighborhood Renaissance, Inc.; (10) the articles of organization for Hip Hop/Rap Music Hall of Fame, LLC; (11) the August 26, 2005 promissory note between RNCDC and Liberty Bank for $400,000.00, signed by Roberts; (12) a commercial guaranty in which Roberts assumed personal liability for the debts of RNCDC; (13) an assignment of deposit account, allegedly signed by Roberts on behalf of RNCDC and Pastor Harold; and (14) an October 31, 2006 letter, sent by Liberty Bank to Greater Rose Hill, advising it that it was liquidating the CD to pay the $400,000.00 loan to RNCDC.
On July 15, 2010, the day before the scheduled hearing, Roberts and RNCDC filed an opposition to Greater Rose Hill’s motion for summary judgment arguing that Roberts cannot be personally liable, that Pastor Harold exceeded his authority, and that Roberts “dispersed the $242,900 funds at the request of Mr. Jerome “PO-PAGEE” Johnson, and Urban Development Group, LLC for the New Orleans Music Hall of Fame development project
*971 Although Liberty Bank was granted a continuance from the July 16, 2010 hearing, the trial court ruled on the motions and granted Greater Rose Hill’s partial motion for summary judgment against Roberts and RNCDC for four hundred | thousand dollars. It further granted the summary judgment in favor of defendants NOMHF, Johnson, and Urban Development, which dismissed Greater Rose Hill’s claims against them with prejudice. Defendants Roberts and RNCDC appeal these two rulings, alleging the following assignment of error:
1. The trial court erred in permitting Defendants Johnson, Urban Development and NOMHF to be dismissed on summary judgment when Defendants Roberts and RNCDC were not properly served with Defendants’ Motion.
2. The trial court erred in finding there was “no evidence” that Plaintiffs pledge benefited NOMHF, Urban Development, or Johnson.
3. The trial court erred in dismissing Defendants Johnson, Urban Development, and NOMHF when said Defendants admitted to receiving and directing RNCDC to distribute at least $139,000 of funds from the loan.
4. The trial court erred in granting summary judgment to Plaintiff and against Defendants Roberts and RNCDC when genuine issues of material fact remain.
This Court, on April 18, 2011 ordered the parties to show cause in writing why the two summary judgments, dated July 22, 2010, are final and appealable since there are claims still pending against defendants Liberty Bank and Ra’Shaud Haines. Roberts and RNCDC filed a supplemental brief requesting the appeal to proceed because no further claims exist against NOMHF, Johnson, and Urban Development and because Roberts and RNCDC have been cast in judgment in the full amount sought by Plaintiff. After reviewing the matter, we find that the partial summary judgment dismissing with prejudice NOMHF, Johnson, and Urban Development is a final judgment under La. C.C.P. art. 1915 A(l) because it “dismisses the suit as to less than all of the ... defendants.” The partial summary judgment in favor of Greater Rose Hill and against Roberts and RNCDC for $400,000.00 is also a final judgment under La. C.C.P. art. 1915 A(3) because it | .^“grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).”
STANDARD OF REVIEW
Our standard of review on the grant of a motion for summary judgment is de novo. We must examine the record to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La. C.C.P art. 966. Pursuant to the 1996 amendments to this article, summary judgments are now favored, and the rules regarding such are to be liberally applied. The burden of proof remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
*972 DISCUSSION
The first issue we will address is the motion to strike appeal filed by NOMHF, Johnson, and Urban Development whereby they argue that appellants/defendants, Roberts and RNCDC, have no right to appeal the trial court judgment granting their motion for summary judgment and dismissing Greater Rose Hill’s claims against them with prejudice. NOMHF, Johnson, and Urban Development argue that an action can be brought only by a person having a real and actual interest which he asserts, and that Roberts and RNCDC have no actual |fiinterest in appealing a judgment between Plaintiff Greater Rose Hill, and defendants NOMHF, Johnson, and Urban Development.
An exception of no right of action is an appropriate procedural pleading to .raise the question of whether Roberts and Regional have any interest in judicially enforcing a right. Greenbriar Nursing Home, Inc. v. Pilley, 637 So.2d 429, 434 (La.1994). The exception of no right of action is peremptory and can be brought at any time, including an appeal. La. C.C.P. arts. 927, 928, and 2163. A party who has no interest in changing the judgment of the lower court cannot exercise the right of appeal. Conrad v. Swiss Chalet Picnic Grounds & Catering Service, 96-606, p. 5 (La.App. 5 Cir. 12/30/96), 686 So.2d 1055, 1058.
Although Appellants Roberts and RNCDC argue that they have the right to appeal the granting of NOMHF, Johnson, and Urban Development’s motion for summary judgment, we find this argument to be without merit. Roberts and RNCDC have had ample time and opportunity to file an incidental demand[1] against NOMHF, Johnson, and Urban Development, and they have chosen not to do so. Greater Rose Hill has opted to not appeal the trial court’s granting of the summary judgment, which dismissed its claims against NOMHF, Johnson, and Urban Development. Therefore, we find that Roberts and RNCDC have no interest or right in appealing the trial court’s judgment granting NOMHF, Johnson, and Urban Development’s motion for summary judgment because they are not an aggrieved party to this judgment and cannot benefit by any change in the judgment dismissing NOMHF, Johnson, and Urban Development. For these reasons, we hereby grant defendants NOMHF, Johnson, and Urban Development’s motion to |7strike the portion of the appeal addressing the summary judgment granted in favor of NOMHF, Johnson, and Urban Development and dismissing Greater Rose Hill’s claims against them with prejudice.
The second issue to address is whether the trial court erred in granting Greater Rose Hill’s motion for summary judgment against Roberts and RNCDC. The motion for summary judgment filed by Greater Rose Hill contains Liberty Bank’s closing documents, which evidenced that the loan was in favor of RNCDC, that Roberts signed as a guarantor on the loan from Liberty to RNCDC, and that Roberts withdrew the full amount of the authorized loan. Given the motion and the supporting attachments, and considering the law on this issue, we cannot say the trial court erred in granting the motion for summary judgment in favor of Greater Rose Hill.
For these reasons, we hereby grant the motion to strike appeal as to the summary judgment granted in favor of defendants NOMHF, Johnson, and Urban Development, which dismissed Greater Rose Hill’s claims against them, and we affirm the partial summary judgment granted in fa *973 vor of Greater Rose Hill and against defendants Roberts and RNCDC.
MOTION TO STRIKE APPEAL GRANTED; JUDGMENT AFFIRMED

. According to La. C.C.P. art. 1031, "[¡Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.”