ELYSIAN, INC. AND
CUSACHS FAMILY
COLLECTION, L.L.C.

VERSUS

NEAL AUCTION COMPANY,
INC., PHILIP B. ALFORD,
JOHN J. BOOTH, CELESTE W.
LINGLE, AND JOHN DOE
INSURANCE COMPANY

\*

\*

\*

\*

\* \* \* \* \* \* \*

NO. 2020-CA-0674

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

CONSOLIDATED WITH:

ELYSIAN, INC. AND CUSACHS
FAMILY COLLECTION, L.L.C.

VERSUS

NEAL AUCTION COMPANY,
INC., PHILIP B. ALFORD, JOHN J.
BOOTH, CELESTE W. LINGLE,
AND JOHN DOE INSURANCE
COMPANY

CONSOLIDATED WITH:

NO. 2020-CA-0675

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-10398, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Paula A. Brown)

***BROWN, J., CONCURS IN THE RESULT***

Isaac H. Ryan
DEUTSCH KERRIGAN, L.L.P
755 Magazine Street
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFFS/APPELLANTS

David Lingle
3948 3rd Street, #268
Jacksonville Beach, FL 32250

DEFENDANT-IN-RECONVENTION/APPELLANT, IN PROPER
PERSON

Mary Ellen Roy
Dan Brian Zimmerman
Sarah M. Smith-Clevenger
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

    COUNSEL FOR DEFENDANTS/APPELLEES

                        **SANCTIONS JUDGMENTS AFFIRMED;**
                           **APPEALS DISMISSED IN PART;**
                   **ANSWER TO APPEAL STRICKEN**

                                       **JULY 21, 2021**

Appellants, Elysian, Inc. ("Elysian"), Cusachs Family Collection, L.L.C. ("Cusachs") (together, "Sellers"), and David Lingle ("Lingle") (collectively with Sellers, "Appellants"), purport to appeal two judgments imposing sanctions under La. C.C.P. art. 863 against Sellers ("sanctions judgments"), along with fifteen interlocutory judgments, consisting of denials of motions for partial summary judgment and special motions to strike filed on behalf of Sellers and/or Lingle and the partial granting of a motion for partial summary judgment filed on behalf of Appellees, Neal Auction Company, Inc. and Philip B. Alford ("interlocutory judgments"). For the reasons that follow, we dismiss the appeals as to the interlocutory judgments and affirm both sanctions judgments. We strike Appellants' answer to appeal.

**STATEMENT OF THE FACTS AND PROCEDURAL HISTORY**

The case concerns the sale of items contained in an art collection that was on display at the Louisiana State Museum for over a century. The Gaspar Cusachs Collection (the "Collection") is a large group of historical artifacts originally assembled and owned by Gaspar Cusachs (1855-1929). Sellers equally shared ownership of the Collection. In February 2016, Sellers entered into an agreement

with Neal Auction Company, Inc. and Philip B. Alford, president and senior auctioneer (hereinafter "Neal"), Appellees, to sell the Collection.

On October 27, 2017, Sellers filed the instant lawsuit against Neal and additional defendants, raising various claims stemming from Sellers' dissatisfaction with the auction results. The early procedural history of this litigation is set forth in this Court's prior opinion. *See Elysian, Inc. v. Neal Auction Co.*, 18-0683 (La. App. 4 Cir. 3/20/19), 267 So.3d 143. Following the prior appeal of this matter, Sellers filed four amended petitions.

Sellers filed their Fourth Amended Petition on October 14, 2019. The Fourth Amended Petition alleged eleven separate causes of action, including, *inter alia*, breach of contract, redhibition, conspiracy, conversion, fraud, breach of fiduciary duty, violation of False Advertising Law, violation of auction law and rules, violation of Unfair Trade Practices Act, and negligence. In November 2019, Neal filed an answer to the Fourth Amended Petition and a reconventional demand asserting claims against Sellers for breach of contract, misrepresentations and omissions, and violation of the Unfair Trade Practices Act, and against both Sellers and Lingle for defamation and abuse of process.

Sellers and Lingle each filed an answer to Neal's reconventional demand on January 10 and 15, 2020, respectively. Lingle's answer included a reconventional demand against Neal asserting an abuse of process claim.

On January 10 and 15, 2020, Sellers and Lingle, respectively, filed a special motion to strike Neal's defamation claim. On January 15, 2020, Sellers filed a motion for partial summary judgment on their breach of contract claim and on Neal's claims for breach of contract and misrepresentations and omissions. On January 21, 2020, Sellers filed a motion for partial summary judgment on their

2

conspiracy to commit abuse of process claim and on Neal's abuse of process claim. By seven separate judgments signed on February 21, 2020, the district court denied the special motions to strike and motions for partial summary judgment.

Sellers and Lingle sought supervisory review of the February 21, 2020 judgments denying their special motions to strike, denying Sellers' motion for partial summary judgment on Sellers' claim for conspiracy to commit abuse of process, and denying Sellers' motion for partial summary judgment on Neal's claim for abuse of process. This Court denied the application for supervisory writs on May 29, 2020. *See Elysian, Inc. v. Neal Auction Co.*, unpub., 20-0190 (La. App. 4 Cir. 5/29/20).

On March 10, 2020, Sellers filed a motion for partial summary judgment on their breach of contract claim and on Sellers' claims for breach of contract and misrepresentations and omissions. This motion sought summary judgment on the identical claims as Sellers' previously denied January 15, 2020 motion for partial summary judgment. Neal filed a motion for sanctions for Sellers' filing of the repetitive motions for partial summary judgment. By three judgments signed on May 28, 2020, the district court denied the motion for partial summary judgment. By separate judgment signed on the same date, the court denied Neal's request for sanctions, although the court noted at the motions hearing that it was a "close call, particularly considering the time frame of how closely [Sellers' two motions for partial summary judgment on claims for breach of contract and misrepresentations and omissions] were filed after one another."

On June 3, 2020, Sellers and Lingle filed a motion for partial summary judgment on Neal's abuse of process claim. On June 4, 2020, Sellers filed a motion for partial summary judgment on their conversion claim. On June 5, 2020, Sellers

3

and Lingle filed a motion for partial summary judgment on "Booth's letter"[1] (which document relates to the parties' breach of contract claims against one another). On July 9, 2020, Neal filed a motion for Article 863 sanctions against Sellers.[2] By three judgments signed on July 24, 2020, the district court denied the motions for partial summary judgment. By separate judgment of the same date, the district court granted Neal's motion for sanctions and imposed monetary sanctions against Sellers in the amount of $500.

Appellants filed a motion for devolutive appeal on September 30, 2020 "based on their rights to an appeal, which are grounded in the final judgment rendered on July 24, 2020." Appellants filed a motion to designate record on appeal on October 5, 2020, which included a "statement of the points for review." The "statement of the points for review" averred that the district court "erred in its

---

[1] In August 2016, John Booth, Jr. ("Booth"), Appellee, sent a letter to Neal asserting an interest to the Collection on behalf of himself, Celeste Lingle, Appellee, and the other great grandchildren of Gaspar Cusachs. In the letter, Booth requested a meeting to inspect and take photographs of items contained in the Collection and threatened, if he did not receive a response within ten days, to "do what the law allows stopping the auction of the Cusachs Collection."

[2] La. C.C.P. art. 863 provides in pertinent part:

> B. [T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> * * *
>
> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

judgments" relating, *inter alia*, to the February 21, 2020, May 28, 2020, and July 24, 2020 judgments denying Appellants' special motions to strike and motions for partial summary judgment, indicating that Appellants are seeking appellate review of these interlocutory judgments.[3] The prayer for relief contained at the end of the appellate brief filed by Appellants prays, *inter alia*, that this Court reverse the February 21, 2020, May 28, 2020, and July 24, 2020 interlocutory judgments.

On July 28, 2020, Sellers filed a motion for partial summary judgment on their claims for breach of fiduciary duty, false advertising, rescission, redhibition, violation of auction law, and violation of LUTPA. Neal filed a motion for Article 863 sanctions on September 24, 2020. On August 11, 2020, Neal filed a motion for partial summary judgment on Sellers' claims of redhibition, conspiracy, conversion, violation of false advertising law, and violation of auction law and rules.

By judgments signed on October 19, 2020, the district court denied Sellers' motion for partial summary judgment filed on July 28, 2020 and granted Neal's motion for partial summary judgment on Sellers' claims of redhibition, conspiracy, violation of false advertising law, and violation of auction law and rules and denied Neal's motion for partial summary judgment on Sellers' conversion claim. By

---

[3] The "statement of the points for review" further averred that the district court "erred in its judgments" relating to the court's anticipated ruling at the hearing set on October 9, 2020 on the motions for partial summary judgment filed by Sellers and Neal and the motion for Article 863 sanctions filed by Neal. A party may not appeal a future, anticipated judgment on a matter the trial court has not yet heard and decided. *See* La. C.C.P. arts. 1974 and 2087 (which provide that the time for taking an appeal commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment); La. C.C.P. art. 1911 (which requires that "every final judgment . . . be signed by the judge," and provides that "no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled"). *See also Wynne v. Parlay's, Inc.*, 97-1170, pp. 2, 3 (La. App. 4 Cir. 11/5/97), 701 So.2d 1369, 1370 ("[T]he absence of a signed judgment is fatal to [an] appeal and mandates dismissal of [the] appeal as premature." "Since there is no signed judgment the appeal must be dismissed as premature."); *State v. Dennis*, 14-1258, p. 4 n. 3 (La. App. 4 Cir. 4/29/15), 165 So.3d 1124, 1127 ("[T]he fact that there is no written and signed final judgment here is an independent basis to dismiss [the instant] appeal.") (citing *Wynne*, 97-1170, p. 2, 701 So.2d at 1370).

judgment of the same date, the court granted Neal's motion for Article 863 sanctions and ordered that "all parties are prohibited from filing any additional motions for summary judgment or partial summary judgment."

On November 2, 2020, Sellers and Lingle filed a second motion for devolutive appeal "based on their rights to an appeal of the final judgment signed on October 19, 2020 and all interlocutory rulings prejudicial to them," along with a motion to designate record on appeal. The "statement of the points for review" contained in the motion to designate record averred that the district court "erred in its judgments" relating, *inter alia*, to the February 21, 2020, May 28, 2020, July 24, 2020, and October 19, 2020 interlocutory judgments, indicating that Appellees are seeking appellate review of these interlocutory judgments. The prayer for relief contained at the end of the appellate brief filed by Appellants prays, *inter alia*, that this Court reverse the February 21, 2020, May 28, 2020, July 24, 2020, and October 19, 2020 interlocutory judgments.

Appellants filed a motion to consolidate the two appeals on January 4, 2021. On January 6, 2021, this Court granted the motion and consolidated the appeal docketed as 2020-CA-0675 with 2020-CA-0674. Appellants filed an answer to appeal on January 11, 2021.

## ASSIGNMENT OF ERRORS

Appellees assert that the district court erred in denying the special motions to strike and motions for partial summary judgment filed on their behalf and in partially granting the motion for partial summary judgment filed on behalf of Neal. Appellees further assert that the district court erred in granting Neal's motions for Article 863 sanctions and imposing monetary sanctions against Sellers and

6

prohibiting the parties from filing any additional motions for summary judgment or partial summary judgment.

## LEGAL DISCUSSION

### *Motion to Dismiss Appeal*

Neal filed a motion to dismiss appeal of interlocutory judgments in each of the appeals. Neal argues that the July 24, 2020 and October 19, 2020 judgments imposing Article 863 sanctions are the only judgments subject to appeal and that, therefore, the appeals of the adverse rulings on the special motions to strike and motions for partial summary judgment, which are interlocutory judgments not subject to appeal, should be dismissed. Neal further argues that since sanctions were not imposed against Lingle in the July 24, 2020 sanctions judgment, Lingle has no "justiciable interest" in the appeal of the July 24, 2020 sanctions judgment, and therefore, his appeal as to that judgment should be dismissed. We agree.[4]

Judgments are either interlocutory or final. La. C.C.P. art. 1841. "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment." *Id.* "A final judgment is appealable in all causes in which appeals are given by law," while "[a]n interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083. The Code of Civil Procedure expressly provides that a judgment denying a motion for summary judgment is not appealable. *See* La. C.C.P. art. 968 ("An appeal does not lie from the court's refusal to render . . . summary judgment.)" *See*

---

[4] Neal further argues that Lingle does not have a justiciable interest in the appeal of any of the interlocutory judgments on motions in which he was not a party. Because we agree with Neal's argument that only the sanctions judgments are immediately appealable and dismiss both appeals as to all of the interlocutory judgments, thereby leaving the October 19, 2020 sanctions judgment as the only judgment properly appealed from by Lingle, we pretermit discussion of Lingle's right to appeal the interlocutory judgments on motions in which he was not a party.

7

*also Barber v. Russell*, 08-1366, pp. 1-2 (La. App. 4 Cir. 4/1/09), 9 So.3d 1033, 1034.

Louisiana Code of Civil Procedure article 1915 authorizes the immediate appeal of certain "final" partial judgments:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> * * *
> (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
>
> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this matter, the February 21, 2020, May 28, 2020, July 24, 2020, and October 19, 2020 judgments denying Appellees' special motions to strike and motions for partial summary judgment and the October 19, 2020 judgment granting in part and denying in part Neal's motion for partial summary judgment are non-appealable, interlocutory judgments. None of these judgments were designated as a final judgment by the district court pursuant to La. C.C.P. art. 1915(B)(1), and the judgments are therefore not subject to immediate appeal. The only judgments that are immediately appealable are the July 24, 2020 and October

8

19, 2020 sanctions judgments. *See Trahant v. Perez*, 02-1414, p. 8 (La. App. 4 Cir. 3/19/03), 843 So.2d 479, 484 ("The Louisiana Code of Civil Procedure article 1915(A)(6) now permits the appeal of a judgment that imposes sanctions or disciplinary action pursuant to La. C.C.P. article 191, 863, or 864.").

It is well-settled that although an interlocutory judgment may not itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case which is appealable. *People of the Living God v. Chantilly Corp.,* 251 La. 943, 947-48, 207 So.2d 752, 753 (1968); *see also, e.g., Phillips v. Gibbs,* 10-0175, p. 4 (La. App. 4 Cir. 5/21/10), 39 So.3d 795, 798. "When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment." *Wimsatt v. City of New Orleans*, 19-0461, p. 7, n. 6 (La. App. 4 Cir. 12/20/19), 286 So.3d 1217, 1223 (quoting *Favrot v. Favrot*, 10-0986, p. 2 n. 1 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102); *see also* Roger A. Stetter, *Louisiana Civil Appellate Procedure*, § 3:36 (Sept. 2020 Update) (observing that "[i]n most instances, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to her, in addition to the review of the final judgment").

In *Trahant v. Perez*, 02-1414, 843 So.2d 479, the defendant appealed the judgment of the district court finding him in contempt of court and imposing sanctions against him. The defendant filed an exception of no cause of action in the appellate court. The Court found that it lacked jurisdiction to consider the exception and dismissed it. The Court addressed the appealability of the district court's denial of the defendant's exception of no cause of action as follows:

Nevertheless, the defendant's exception of no cause of action goes to the merits of this case. The trial court's denial of the defendant's exception of no cause of action is an interlocutory judgment. "Generally speaking, there is no appeal from a judgment overruling exceptions because such a judgment is simply interlocutory in nature." *Allied Nav. Co. v. International Org. of Masters, Mates & Pilots,* 272 So.2d 23, 25 (La.App. 4 Cir.1973). And although the jurisprudence "allows appeals from otherwise unappealable interlocutory judgments when they form part of an unrestricted appeal from a final judgment in the cause," *Walters v. Canal Motors, Inc.,* 240 So.2d 101, 103 (La.App. 4 Cir.1970), this appeal is not "an unrestricted appeal" but rather an appeal restricted by La. C.C.P. art. 1915(A)(6) to the March 11, 2002 Judgment which, unlike the February 28, 2001 Judgment on Exceptions, imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864. For this reason, Longenecker can validly appeal the Judgment which found him in contempt of court, but has no right as of yet to appeal the interlocutory judgment on the exception of no cause of action.

*Id.*, 02-1414, pp. 8-9, 843 So.2d at 484. *See also Sellers v. El Paso Indus. Energy, L.P.*, 08-403, pp. 15-16 (La. App. 5 Cir. 2/10/09), 8 So.3d 723, 731-32 (following *Trahant*).[5]

Similarly here, the appeal of each of the sanctions judgments "is not 'an unrestricted appeal' but rather an appeal restricted by La. C.C.P. art. 1915(A)(6)."

---

[5] Notably, the First Circuit has held that a court may address interlocutory issues on appeal if they are "related" or "identical" to or "the same" as the issues raised in the restricted appeal. *Carrollton Presbyterian Church v. Presbytery of South Louisiana of Presbyterian Church (USA)*, 11-0205, pp. 5-6 (La. App. 1 Cir. 9/14/11), 77 So. 3d 975, 979; *Dean v. Griffin Crane & Steel, Inc.*, 05-1226, p. 4 n. 3 (La. App. 1 Cir. 5/5/06), 935 So.2d 186, 189. In *Hood v. Cotter*, 06-1390, pp. 4-5 (La. App. 1 Cir. 12/28/07), 978 So.2d 988, 992, the First Circuit allowed the review on appeal of an interlocutory issue "directly related" to the issue raised in the restrictive appeal. The Louisiana Supreme Court found that "court of appeal did not improperly reach the [interlocutory] issue [] because it could have chosen to consider this interlocutory ruling under its supervisory jurisdiction." *Hood v. Cotter*, 08-0215, p. 8 (La. 12/2/08), 5 So.3d 819, 824 (citation omitted). Nevertheless, the issues concerning the merits of the interlocutory judgments are numerous and distinct from the sanctions issues in this restricted appeal.

*Trahant*, 02-1414, p. 9, 843 So.2d at 484. Accordingly, Appellants may not appeal any of the interlocutory judgments.[6]

We next address Lingle's right to appeal the July 24, 2020 judgment imposing sanctions against Sellers.

"Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." La. C.C.P. art. 2082. "The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court…" *Emmons v. Agricultural Insurance Company*, 245 La. 411, 425, 158 So.2d 594, 599 (1963). Any party, or person who could have intervened in the trial court, who is aggrieved by a trial court judgment has the right to appeal that judgment unless he has acquiesced therein, or is otherwise deprived of that remedy. La. C.C.P. arts. 2085 and 2086. A person need not have a judgment directly against him in order to appeal that judgment. *Brock v. Tidewater Construction Company,* 318 So.2d 100, 102 (La. App. 3rd Cir. 1975).

Louisiana jurisprudence is consistent in holding that where a party is "aggrieved" by a judgment he has a right to appeal and that this rule applies even where the party appealing "may be" aggrieved and does not have any direct pecuniary interest in the judgment appealed from. *Bossier Bank & Trust Co. v. Fryar,* 488 So.2d 428, 433 (La. App. 3rd Cir. 1986); *Andrade v. Shiers*, 516 So.2d 1192, 1193 (La. App. 2nd Cir. 1987); *Brock*, 318 So.2d at 102. However, this Court has held that that a party has no right to appeal where "he cannot benefit by any reversal or change in the judgment from which he appeals."

---

[6] For the reasons explained more fully below, we decline to exercise our discretion to convert the appeals of the interlocutory judgments to supervisory writs.

11

*Werhan v. Helis*, 147 So.2d 260, 263 (La. App. 4th Cir. 1962) (citations omitted); *see also Greater Rose Hill Baptist Church v. Roberts*, 10-1594, p. 6 (La. App. 4 Cir. 6/1/11), 71 So.3d 968, 972.

In *Sanders v. Gore*, 95-660, p. 16 (La. App. 3 Cir. 7/10/96), 676 So.2d 866, 875, the court held that "[a party] has no interest in the sanctions imposed on [the party's attorney] and that [the party] has no right to appeal the [sanctions judgment]. The right to appeal the sanctions is personal to [the party's attorney] and to no other." *See also In re Succession of Williams*, unpub., 08-2156 (La. App. 1 Cir. 6/19/09), 2009 WL 1719353, *2. We find *Sanders v. Gore* persuasive authority in the present matter.

Lingle asserts that he "is the incorporator of Elysian, still has [sic] direct legal interest in it, and also serves as its officer." He alleges that "[t]he $500 sanctions paid to Appellees, as a result of the July 24 judgment, partially belonged to [him]," although there is no evidence of Lingle's payment of any part of the sanctions judgment in the appellate record.

A corporation is a separate entity from its shareholders, and a Louisiana limited liability company is a separate legal entity from its members. La. C.C. art. 24; La. R.S. 12:1304; *Metro Riverboat Associates, Inc. v. Bally's Louisiana Inc.,* 99-0983, p. 6 (La. App. 4 Cir. 1/24/01), 779 So.2d 122, 125. Under Louisiana law, shareholders and officers of a corporation generally do not have a personal right of action against third parties to recover for acts committed against or causing damage to the corporation. *Joe Conte Toyota, Inc. v. Toyota Motor Sales, USA, Inc.,* 689 So.2d 650, 654 (La. App. 4th Cir. 1997) (citing *Bolanos v. Madary,* 609 So.2d 972, 977 (La. App. 4th Cir.1992)). *See also UniDev, L.L.C. v. Housing Authority of New Orleans,* No. 05-2649 (E.D. La. April 2, 2008), 2008 WL

12

906308, *7 (applying rule to members of a limited liability company). This same rule applies even where one person is the sole shareholder. *Glod v. Baker*, 02-988, p. 13 (La. App. 3 Cir. 8/6/03), 851 So.2d 1255, 1265 (applying rule to limited liability company) (citing *Mente & Co. v. Louisiana State Rice Milling Co.*, 176 La. 476, 480, 146 So.28, 29 (1933)). To the extent that any personal right of action does exist, it must be grounded on injury that is "unique" or "special" to the shareholder. *Paul Piazza & Son, Inc. v. Piazza*, 11-548, pp. 6-7 (La. App. 5 Cir. 12/28/11), 83 So.3d 1066, 1070) (citing *St. Bernard Optical Corp. v. Schoenberger*, 05-0548, p. 6 (La. App. 4 Cir. 1/25/06), 925 So.2d 604, 608). Where the alleged loss to the individual shareholder is the same loss that would be suffered by other shareholders, the loss is considered to be indirect and is not actionable individually. *Sun Drilling Prod. Corp. v. Rayborn*, 00-1884, p. 18 (La. App. 4 Cir. 10/3/01), 798 So.2d 1141, 1154. But where the shareholder and not the corporation suffers the loss, the loss is considered to be direct and the shareholder may have the right to sue individually. *Id.* Even where the shareholder has personally guaranteed the corporation's debts, he cannot sue individually for the damage to the corporation. *See Joe Conte Toyota,* 689 So.2d at 654.

Here, the July 24, 2020 sanctions judgment imposed monetary sanctions against Elysian and Cusachs only; sanctions were not levied against Lingle. Thus, Lingle has no justiciable interest in the appeal of that judgment. For this reason, we dismiss Lingle's appeal of the July 24, 2020 sanctions judgment.

### *Conversion of Appeal to Writ Application*

"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Favrot*, 10-0986, p. 5, 68 So.3d at 1104 (quoting *Herlitz Constr. Co., Inc.*

13

*v. Hotel Investors of New Iberia, Inc.,* 396 So.2d 878, 878 (La. 1981)). Thus, we have the discretion to consider the interlocutory judgments under our supervisory authority. *Id.*, 10-0986, pp. 5-6, 68 So.3d at 1104. "Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can – when appropriate – convert the improper appeal to such an application." *Succession of Scheuermann*, 15-0040, p. 13 (La. App. 4 Cir. 5/22/15, 171 So.3d 975, 983 (internal footnote omitted).

One important criterion that we use in guiding our discretion is whether or not exercising our supervisory jurisdiction is dictated under the factors set forth in *Herlitz*.[7] *Scheuermann*, 15-0040, p. 13, 171 So.3d at 983. The primary consideration under *Herlitz* is whether review and decision by this Court would result in a final disposition of all issues in this case. *Scheuermann*, 15-0040, p. 14, 171 So.3d at 983. The granting of a writ application and reversal of the interlocutory judgments would not terminate the litigation at this time.

Additionally, with one exception, the motions for devolutive appeal were filed beyond the thirty-day period applicable to supervisory writs as set forth in Rule 4-3 of the Uniform Rules of Court.[8] The only interlocutory judgment for which an appeal was taken within the thirty-day period set forth in Rule 4-3 is the October 19, 2020 judgment on the parties' motions for partial summary judgment. "[W]e [exercise our discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ] only when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for

---

[7] Under *Herlitz*, the appellate court should review the merits of an application for supervisory writs when: (1) there is no dispute of material fact; (2) the ruling of the trial court appears incorrect; and (3) a reversal would terminate the litigation. *Whitney Nat'l Bank v. Rockwell*, 94-3049, p. 6 n. 3 (La. 10/16/95), 661 So.2d 1325, 1329 n. 3.

[8] Rule 4-3 provides that "[t]he return date in civil cases [for an application for writs] shall not exceed 30 days from the date of the notice, as provided in La. C.C.P. Art. 1914."

supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal."
*Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 12-0906, p. 5 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 563.

Therefore, under these circumstances, we decline to exercise our discretion to convert the appeals of the interlocutory judgments to supervisory writs.

### *Sanctions Judgments*

In January 2020, Appellants filed two special motions to strike and two motions for partial summary judgment. The first motion for partial summary judgment was filed by Sellers on January 15, 2020 and sought judgment on Sellers' claims for breach of contract and Neal's claims for breach of contract and misrepresentations and omissions. The second motion for partial summary judgment was filed by Sellers on January 21, 2020 and sought judgment on Sellers' conspiracy to commit abuse of process claim and Neal's abuse of process claim. The four motions were denied by judgments signed on February 21, 2020. Sellers timely sought supervisory review of the district court's judgment denying their motion for partial summary judgment on conspiracy/abuse of process claims. The writ was denied on May 29, 2020. *See Elysian, Inc. v. Neal Auction Co.*, unpub., 20-0190 (La. App. 4 Cir. 5/29/20).

On March 10, 2020, Sellers filed a motion for partial summary judgment on their claims for breach of contract and misrepresentations and omissions, the same claims as its motion for partial summary judgment filed on January 15, 2020. The district court denied this motion for partial summary by judgments signed on May 28, 2020. Neal sought sanctions under Article 863 based on the repetitive nature of the two motions for partial summary judgment. By judgment dated May 28, 2020,

15

the court denied Neal's request for sanctions, noting that its decision was a "close call."

On June 3, 2020, just five days after this Court denied Sellers' writ application, Sellers and Lingle filed another motion for partial summary judgment on Neal's abuse of process claim, which claim had been a part of the subject matter of the writ application. On June 4, 2020, Sellers filed a motion for partial summary judgment on their conversion claim. On June 5, 2020, Sellers and Lingle filed a motion for partial summary judgment on "Booth's letter," which relates to the parties' breach of contract claims against one another. By judgments signed on July 24, 2020, the district court denied the motions for partial summary judgment filed on June 3-5, 2020. The district court imposed sanctions against Sellers in the amount of $500 for filing repetitive motions, noting: "[T]he persistence in filing things when I've already ruled on the exact same issue is very troubling to me. I mean, writs were denied and yet here we are back again." The court warned that further sanctions could be issued again if this behavior persisted and repeatedly stated that it was time for the case to go to trial.

On July 28, 2020, Sellers filed a motion for partial summary judgment on their claims of breach of fiduciary duty, false advertising, rescission, redhibition, violation of auction law, and violation of LUTPA. On August 11, 2020, Neal filed a motion for partial summary judgment on Sellers' claims of redhibition, conspiracy, conversion, violation of false advertising law, and violation of auction law and rules. By judgments signed on October 19, 2020, the district court denied Sellers' motion for partial summary judgment and granted in part and denied in part Neal's motion for partial summary judgment. By judgment of the same date, the court granted Neal's motion for Article 863 sanctions and ordered that "all

16

parties are prohibited from filing any additional motions for summary judgment or partial summary judgment."

We review the imposition of sanctions pursuant to an abuse of discretion standard. *See Show & Tell of New Orleans, L.L.C. v. Fellowship Missionary Baptist Church*, 14-0843, pp. 7-8 (La. App. 4 Cir. 12/17/14), 156 So.3d 1234, 1239 (citing *Raspanti v. Litchfield,* 05-1512, p. 10 (La. App. 4 Cir. 11/21/06), 946 So.2d 234, 241). A trial court is vested with inherent power to maintain control of its docket and in case management. *Gorbach v. Tulane Univ. Med. Ctr.*, 11-1575, p. 4 (La. App. 4 Cir. 4/11/12), 89 So.3d 429, 432 (citing *Boykins v. Boykins,* 04-0999, p. 5 (La. App. 4 Cir. 4/24/07), 958 So.2d 70, 74); *Show & Tell of New Orleans,* 14-0843, p. 3, 156 So.3d at 1237. A trial court's decision in such matters is to be set aside by an appellate court only when there has been an abuse of the trial court's discretion. *Gorbach*, 11-1575, pp. 4-5, 89 So.3d at 432 (citing *Beteta v. City of New Orleans,* 06-0972, pp. 4-5 (La. App. 4 Cir. 1/10/07), 950 So.2d 862, 865). Appellate courts interfere in a trial court's decision in such matters "only with reluctance and in extreme cases." *Brice Bldg. Co. v. Southland Steel Fabricators, Inc.*, 15-1110, p. 6 (La. App. 4 Cir. 6/17/16), 194 So.3d 1285, 1290 (quoting *Brice Bldg. Co. v. Southland Steel Fabricators, Inc.*, 2015-1110, p. 6 (La. App. 4 Cir. 6/17/16), 194 So.3d 1285, 1290).

La. C.C.P. art. 863(B) authorizes sanctions for an attorney's false certification of a pleading.

> B. [T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

17

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

If the court determines that an attorney violated art. 863, the court "shall impose" an appropriate sanction "upon the person who made the certification or the represented party, or both." La. C.C.P. art. 863(D).

Art. 863 thus imposes a duty of reasonable inquiry on a party signing pleadings. Art. 863 imposes a duty to make an objective inquiry into the facts and law; hence, "[s]ubjective good faith will not satisfy the duty of reasonable inquiry." *Loyola v. A Touch of Class Transp. Serv., Inc.*, 580 So.2d 506, 509-10 (La. App. 4th Cir. 1991) (citation omitted).

In *Mendonca v. Tidewater, Inc.*, we held that "repetitive and duplicitous actions constitute an abuse of the judicial system and warrant the imposition of Article 863 sanctions." *Id.*, 11-0318, p. 9 (La. App. 4 Cir. 9/7/11), 73 So.3d 407, 414 (internal quotations marks omitted) (quoting *Zeno v. Flowers Baking Co.*, 10-1413, p. 7 (La. App. 3 Cir. 4/6/11), p. 7, 62 So.3d 303). Likewise, in *Hester v. Hester*, 96-0189 (La. App. 4 Cir. 9/11/96), p. 6, 680 So.2d 1232, 1235, we held that a party's "repeated motions for identical relief from the same court violated Art. 863."

"A court may impose sanctions upon a litigant so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the

courts." *Rochon v. Roemer*, 630 So.2d 247, 248 (La. 1994). "Restrictive conditions, other than total preclusion, which are available include assessment of damages to the prevailing party, imposition of costs, and contempt proceedings." *Id.*

The Louisiana Third Circuit Court of Appeal's decision in *Green v. Iberia Parish School Bd.*, 06-1060 (La. App. 3 Cir. 12/20/06), 945 So.2d 940, is an example of a case in which the court imposed sanctions other than monetary sanctions after finding a violation of art. 863. After having twice unsuccessfully pursued the same claims against the defendant in federal court, the plaintiff filed suit in state court. The appellate court affirmed the trial judge's decision to prohibit the litigant from filing further proceedings related to the defendant's discharge of plaintiff from employment. *Green*, 06-1060, pp. 5-7, 945 So.2d at 944-46. The clerk of court was also prohibited from accepting such pleadings from the plaintiff without prior approval of the court. *Green*, 06-1060, p. 5, 945 So.2d at 944.

In *Alexander v. Louisiana State Bd. of Priv. Investigator Examiners*, 19-0778 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, *writ denied*, 20-01072 (La. 11/10/20), 303 So.3d 1039, we noted the sanctions imposed against the plaintiff for "innumerable . . . filings" by the United States District Court for the Eastern District of Louisiana prohibiting the plaintiff from filing in the court "any additional complaint, motion, or other pleading" relating to the subject matter of the lawsuit "without first seeking leave of Court to do so, and certifying, in writing, that the proposed submission is not frivolous, presented for an improper purpose, repetitive or duplicative, has evidentiary support, and does not contain any inappropriate, irrelevant, malicious, harassing and/or insulting comments." *Alexander*, 19-0778, pp. 23-24, 293 So.3d at 1258-59 (quoting *Alexander v. City of*

*New Orleans*, No. 12-1524, *3-4 (E.D. La. 1/12/15), 2015 WL 160435. We further noted the warning subsequently issued to the plaintiff by the United States Fifth Circuit Court of Appeals: "[The plaintiff] is WARNED, however, that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of progressively severe sanctions, which may include . . . restrictions on his ability to file pleadings and other documents in this court and in any court subject to this court's jurisdiction." *Alexander*, 19-0778, p. 24, 293 So.3d at 1259 (quoting *Alexander v. Cannon Cochran Mgmt. Servs., Inc.*, 638 Fed. Appx. 410, 410 (5th Cir. 2016)).

Given the sheer volume of the motions for partial summary judgment filed by Sellers and Lingle, the repetitive nature of the motions, and their fact intensive nature, we find no abuse of the district court's discretion in awarding minimal attorney fees and in prohibiting all parties from filing further motions for summary judgment or partial summary judgment, particularly where these claims can be litigated at trial where their full merits can be considered and fact issues be resolved.

### *Answer to Appeals*

Sellers and Lingle jointly filed each of the two appeals in this matter. After the appeals were consolidated, Sellers and Lingle collectively filed an answer to appeal. In their answer, Lingle "files his answer to the appeal of Elysian and Cusachs [; and] [p]ursuant to La.C.C.P. Art. 2133(A) and based on [] Lingle's answer, Elysian and Cusachs also file an answer." Neal subsequently filed a motion to strike the answer on the basis that Sellers and Lingle do not have the right to file an answer to their own appeal.

La. C.C.P. art. 2133 governs the right of an "appellee" to answer an appeal and provides, in pertinent part:

> **Art. 2133. Answer of *appellee*; when necessary**
> A. An *appellee* shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal . . . . The *answer filed by the appellee* shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an *appellee* may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. *If an appellee files such an answer*, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.

La. C.C.P. art 2133 (emphasis added).[9] There is no provision in the Code of Civil Procedure that allows an appellant to answer his own appeal.

In *Borne v. Mike Persia Chevrolet Co.*, 396 So.2d 326, 329 (La. App. 4th Cir. 1981), this Court held: "It is only an 'appellee,' C.C.P. 2133, who can appeal against an appellant by answer to that appellant's appeal." *See also Citizens Bank & Tr. Co. v. Little Ford, Inc.*, 506 So.2d 815, 817 (La. App. 1st Cir. 1987) ("It is well-established in Louisiana jurisprudence that one must be an appellee in order to file an answer to an appeal.") (citations omitted). "Webster's New International Dictionary (2d ed.) defines appellee as 'one against whom an appeal is taken,' and Black's Law Dictionary (rev. 4th ed.) defines appellee as 'The party in a cause against whom an appeal is taken; that is, the party who has an interest adverse to setting aside or reversing the judgment.' " *Borne*, 396 So.2d at 329.

---

[9] Neal did not answer either appeal.

Here, Sellers and Lingle are not appellees, as they do not have interests *adverse* to setting aside or reversing the judgments appealed from. Thus, neither has the right to file an answer to the appeals.

Lingle also does not have the right to answer Sellers' appeal, or to take his own appeal, pursuant to La. C.C.P. art. 2087(B), which states: "When a devolutive appeal has been taken timely, an *appellee* who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom. . . ." (emphasis added). By its terms, the statute applies only to an "appellee." Because Lingle is not an appellee, he cannot avail himself of Article 2087(B).

Accordingly, we grant Neal's motion to strike answer to appeal and strike Sellers and Lingle's answer to appeal.

## CONCLUSION

For the reasons discussed in this opinion, we affirm the sanctions judgments dated July 24, 2020 and October 19, 2020. We find, however, that the interlocutory judgments signed on February 21, 2020, May 28, 2020, July 24, 2020, and October 19, 2020 are not subject to immediate appeal. Accordingly, we dismiss the appeals of these judgments. We decline to convert the appeals of these judgments to applications for supervisory review. We further find that Lingle has no justiciable interest in the appeal of the July 24, 2020 sanctions judgment. Accordingly, we dismiss his appeals of the July 24, 2020 sanctions judgment. Finally, we find that Appellants do not have the right to answer their own appeal and strike Appellants' answer to appeal.

**SANCTIONS JUDGMENTS AFFIRMED;**
**APPEALS DISMISSED IN PART;**
**ANSWER TO APPEAL STRICKEN**

22