843 So.2d 479 (2003)
Richard C. TRAHANT
v.
Howard A. PEREZ, Geoffrey Longenecker, XXX Insurance Company and YYY Insurance Company.
No. 2002-CA-1414.
Court of Appeal of Louisiana, Fourth Circuit.
March 19, 2003.
*480 Jack E. Morris, Metairie, LA, for Plaintiff/Appellee.
Geoffrey H. Longenecker, Longenecker & Associates, Ltd., Covington, LA, for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY.
MICHAEL E. KIRBY, Judge.
The defendant, Geoffrey H. Longenecker, a member of the bar, appeals the Judgment of the trial court granting plaintiff Richard C. Trahant's rule for contempt and sanctions against Mr. Longenecker.
STATEMENT OF THE FACTS
Richard C. Trahant is an attorney who represented the defendant Howard A. Perez in a personal injury action in the Twenty-Second Judicial District Court in St. Tammany Parish through trial and appeal. See Perez v. Liberty Mutual Ins., 1997-2532 (La.App. 1 Cir. 11/6/98), 728 So.2d 31. On June 25, 1999, four months after the Louisiana Supreme Court denied the writ application which Attorney Trahant filed on Perez's behalf, Attorney Longenecker sent a letter to Trahant, two other attorneys, and two law firms stating in pertinent part as follows:
We have been retained by Howard Perez to advise him relative to potential malpractice claim arising out of your failure to settle this claim for $120,000.00 when directed to do so.
On July 6, 1999, Trahant filed a Petition for Damages against Perez and Longenecker in the Civil District Court of Orleans Parish. In the petition, Trahant alleges that Longenecker's statement that Trahant failed "to settle this claim for $120,000.00 when directed to do so" is false, that Longenecker made the statement without probable cause, with knowledge of its falsity, and with reckless disregard for the truth, and that Trahant has suffered and will suffer damages.
Thereafter, on September 14, 1999, Perez, represented by Longenecker, filed a suit in St. Tammany on behalf of Perez against Trahant alleging malpractice. See Perez v. Trahant, 22nd Judicial District Court, No. 99-13899, Division "C". The St. Tammany Parish trial court subsequently granted Trahant's exception of prescription and/or peremption and dismissed Perez's suit, and on December 28, 2001 the First Circuit Court of Appeal affirmed the trial court's judgment on the issue of prescription and/or peremption. Perez v. Trahant, 2000-2372 (La.App. 1 Cir. 12/28/01), 806 So.2d 110, writs denied, XXXX-XXXX, XXXX-XXXX (La.8/30/02), 823 So.2d 953. However, the First Circuit remanded the case to the trial court "to allow Perez to specially plead the particularized facts supporting his contention that *481 La. R.S. 9:5605 is unconstitutional, and for the issue to be fully briefed and litigated." Id. at p. 12, 806 So.2d at 119.
Meanwhile, in this first-filed litigation, Longenecker and Perez filed exceptions including the exception of no cause of actionon November 22, 1999, and the trial court denied all of the exceptions in a Judgment dated February 28, 2001. Also, between February 9, 2001 and March 11, 2002, the trial court rendered no less than three Judgments in favor of Trahant and against Longenecker as a result of Longenecker's delaying the discovery process and failure to comply with orders of the Court. Although only the last of those Judgments has been appealed, the pertinent procedural facts surrounding all three judgments are as follows:
On March 20, 2000, Trahant propounded "Plaintiff's Combined Discovery Requests to Defendant Geoffrey H. Longenecker," including interrogatories, requests for production of documents, and requests for admissions, and served the discovery on Longenecker the same day.
On or about April 18, 2000, plaintiff's counsel for Trahant received from Longenecker a document entitled "Answer to Interrogatories and Response to Request for Production of Documents" purporting to be Longenecker's response to Trahant's first set of discovery. However, not only was Longenecker's purported discovery response unsigned, but Longenecker objected therein to every single discovery request on various vague grounds ostensibly based on Longenecker's representation of Perez.
On May 4, 2000, Trahant propounded "Plaintiff's Second Combined Discovery Requests to Defendant Geoffrey H. Longenecker" and served the discovery on Longenecker the same day. The discovery included an interrogatory requiring Longenecker to "please set forth a description of any withheld documents and things sufficient to allow formulation of a court order that the documents and things be produced for in camera inspection by the Court, and sufficient to allow judicial resolution of your obligation to produce the requested documents and things...."
On or about May 11, 2000, counsel for Trahant received from Longenecker a document entitled "Answer to Plaintiff's Second Combined Discovery Requests to Defendant Geoffrey H. Longenecker" purporting to be Longenecker's response to Trahant's second set of discovery. Therein Longenecker again objects to every single discovery request on the grounds of attorney-client privilege.
In a letter to Longenecker dated May 22, 2000, counsel for Trahant pointed out to Longenecker that his purported responses to Trahant's first set of discovery "are not even signed and therefore, as a matter of law, do not exist." Counsel for the plaintiff further objected to the nonresponsiveness of Longenecker's purported responses, advised Longenecker that Trahant would "have to file a motion to compel discovery responses and for sanctions against you unless you serve signed discovery responses which fairly address the matters requested," and, pursuant to Rule 9, § 4 of the Civil District Court Rules, requested that Longenecker "contact me by telephone on or before Wednesday, June 7,2000 for purposes of amicably resolving the discovery and other issues raised herein."
In a letter to plaintiff's counsel dated June 7, 2000, Longenecker advised: "Relative to meeting with you concerning discovery issues, I am free on June 29 and 30 in the morning here in Madisonville to discuss whatsoever discovery issues you desire". Plaintiff's counsel replied to Longenecker in a letter dated June 8, 2000 as *482 follows: "I will contact you by telephone at 10:00 a.m. on Thursday, June 29, 2000 to discuss outstanding discovery issues". On June 29,2000 at 10:00 a.m., Plaintiff's counsel telephoned Longenecker's office and was told "Mr. Longenecker's not in." Accordingly, plaintiff's counsel left a message for Longenecker to contact him for the scheduled conference. Longenecker never returned the counsel for plaintiff's call or otherwise responded to Trahant's demands for signed and complete discovery responses.
On October 4, 2000, Trahant filed "Plaintiff s Motions to Strike Discovery Response, to Deem Requests for Admissions Admitted, to Compel Discovery, and for Expenses and Sanctions Against Defendant Geoffrey Longenecker". The Trial Court set the motions for hearing on January 12, 2001, and the St. Tammany Parish Sheriff served the motion, order, memorandum, and twenty-one pages of exhibits on Longenecker "in person" on November 29, 2000. Longenecker then filed a "Motion and Order for Continuance" on December 22, 2000, which the trial court first granted on January 2, 2001, then denied on January 3, 2001. The next day, the Clerk mailed a "Notice of Signing of Judgment," with the January 3, 2001 Order denying Longenecker's motion for continuance, to both Longenecker and counsel for Trahant. Nevertheless, Longenecker failed to appear for the scheduled hearing on January 12, 2001, and the trial court rendered a Judgment on February 9, 2001, granting Trahant's motions to strike discovery response, to deem requests for admissions admitted, and to compel discovery against Longenecker, and granting Trahant's motion for expenses and sanctions against Longenecker and ordering Longenecker to pay the amount awarded "within thirty (30) days from the date he receives a certified copy of this Judgment". The trial court signed an identical Judgment on February 28, 2001. In the interim, on February 6, 2001, Longenecker filed an "Opposition to Motion to Strike Discovery Response, to Deem Requests for Admissions Admitted, to Compel Discovery, and for Expenses and Sanctions" to which he attached copies of the same discovery responses counsel for Trahant had received on April 18, 2000 and May 11, 2000 and which were the subjects of the motions Trahant filed on October 4, 2000.
On February 15, 2001, Longenecker filed a "Motion for Rehearing and New Trial of Plaintiffs Motion to Reconsider Plaintiffs Motion to Compel Answers to Interrogatories" in which he argued that the January 12, 2001 hearing had been continued even though both he and plaintiff's counsel were served only with the January 3, 2001 Order denying his motion to continue. In any event, following a hearing on April, 20, 2001, the trial court rendered Judgment on April 23, 2001 granting Longenecker's motion to reconsider Trahant's motions to compel discovery and to deem requests for admissions admitted. In the same Judgment, the trial court reconsidered Trahant's motions and this time denied Trahant's motion to deem requests for admissions admitted but ordered Longenecker to serve a signed response to the requests for admissions within fifteen days from the mailing of the notice of judgment, and again granted Trahant's motion to compel discovery against Longenecker and ordered Longenecker to comply with Trahant's discovery requests within fifteen days from the mailing of the notice of judgment. The trial court also added "that in connection with any future discovery motions between the parties, the Court will impose a sanction of ONE HUNDRED ($100.00) DOLLARS for each discovery request or response which the Court finds to be improper". The Clerk mailed a "Notice of Signing of Judgment" *483 with the April 23, 2001 Judgment to both Longenecker and counsel for Trahant on April 30, 2001.
In a letter to Longenecker dated August 7, 2001, plaintiff's counsel advised Longenecker:
Additionally, in the Judgment dated April 23,2001, the Court ordered you to serve a signed response to Mr. Trahant's requests for admissions and to comply with Mr. Trahant's discovery requests within fifteen days from the mailing of the notice of judgment, which the Clerk of Court mailed to you on April 30,2001. As of this date, you have not served a signed response to Mr. Trahant's requests for admissions or otherwise complied with Mr. Trahant's discovery requests.
Accordingly, unless you comply with all orders of the Court by close of business on Friday, August 17, 2001, Mr. Trahant will have no choice but to file a motion for contempt and sanctions pursuant to La. C.C.P. arts. 1470 and 1471.
Longenecker responded in a letter dated August 13,2001 in pertinent part as follows:
The signed original of our discovery responses has been filed in the record. I have already forwarded to you a copy of the signed original. I have reprinted the discovery responses for you and have gone even further and had them again signed so that you may have your very own personalized and signed copy of the discovery responses to keep in your file. Please do let us know if we can assist you in any other significant manner in your ability to have and to hold these discovery responses.
Enclosed with Longenecker's letter was a copy of Perez's "Answer to Plaintiff's Combined Discovery Requests" with a certificate of service dated August 13, 2001, but still Longenecker had not complied with Trahant's discovery to Longenecker as ordered in the April 23, 2001 Judgment.
On November 2, 2001, Trahant filed "Plaintiffs Rule for Contempt and Sanctions Against Defendant Geoffrey H. Longenecker" seeking "a judgment holding defendant Geoffrey H. Longenecker in contempt of Court and ordering appropriate sanctions against him pursuant to La. C.C.P. art. 1471" on the grounds that Longenecker "has wilfully failed and refused to comply with the Court's Judgment dated April 23, 2001."
Following a hearing on January 11, 2002, the trial court signed a Judgment dated March 11, 2002 granting Trahant's motion for contempt and sanctions, finding "that Geoffrey Longenecker is guilty of contempt of this court by his refusal to comply with the order issued by this court, dated April 23, 2001," and ordering Longenecker to "pay sanctions totaling $4,400.00, ONE HUNDRED ($100.00) DOLLARS for each request that he has failed to respond to as ordered by this court" in the April 23, 2001 Judgment. In separate Reasons for Judgment, the trial court found that Longenecker "has offered no proof of compliance" with the Court's April 23, 2001 Judgment and that therefore Longenecker "has failed to comply with its order." The trial court further stated:
Refusal to comply with court ordered discovery is a serious matter; the Louisiana Code of Civil Procedure article 1471 sets out the sanctions available against a party for failing to comply with discovery orders. For the reasons stated, this Court finds Geoffrey Longenecker in contempt and orders sanctions against Mr. Longenecker in the amount of' $4,400.00.
Longenecker filed a "Petition for Suspensive Appeal" on March 28, 2002, in which he appealed only from the trial *484 court's Judgment dated March 11, 2002. Longenecker then filed an Exception of No Cause of Action in this Court on or about October 2, 2002.
DISCUSSION:
Pending before this court is an exception of no cause of action submitted by the defendant/appellant, Geoffrey Longenecker. Due to our lack of jurisdiction, we dismiss this exception of no cause of action.
The Louisiana Code of Civil Procedure article 1915(A)(6) now permits the appeal of a judgment that imposes sanctions or disciplinary action pursuant to La. C.C.P. article 191, 863, or 864. Therefore, all contempt judgments are now considered final judgments, subject to immediate appeal.
Nevertheless, the defendant's exception of no cause of action goes to the merits of this case. The trial court's denial of the defendant's exception of no cause of action is an interlocutory judgment. "Generally speaking, there is no appeal from a judgment overruling exceptions because such a judgment is simply interlocutory in nature." Allied Nav. Co. v. International Org. of Masters, Mates & Pilots, 272 So.2d 23, 25 (La.App. 4 Cir.1973). And although the jurisprudence "allows appeals from otherwise unappealable interlocutory judgments when they form part of an unrestricted appeal from a final judgment in the cause," Walters v. Canal Motors, Inc., 240 So.2d 101, 103 (La.App. 4 Cir.1970), this appeal is not "an unrestricted appeal" but rather an appeal restricted by La. C.C.P. art. 1915(A)(6) to the March 11, 2002 Judgment which, unlike the February 28, 2001 Judgment on Exceptions, imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864. For this reason, Longenecker can validly appeal the Judgment which found him in contempt of court, but has no right as of yet to appeal the interlocutory judgment on the exception of no cause of action.
Furthermore, La. C.C.P. art. 2163, which provides in pertinent part that "[t]he appellate court may consider the peremptory exception filed for the first time in that court," is inapplicable under the circumstances of this case. As explained in Toledo Bend Proprietors v. Sabine River Authority, 395 So.2d 429, 432, La.App. 3 Cir. (1981):
An appellate court may consider and dispose of a peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if the proof of the ground of the exception appears of record. (LSA-C.C.P. Article 2163) This grant of authority however, assumes that at the time the exception is filed the appellate court has jurisdiction over the action or proceeding to which exception is taken.
The exceptions filed by appellants with this court seek dismissal of the principal demand, i.e., the demand of plaintiffs for an injunction.
The appeal in this case is solely from the judgment of the trial court which dismissed appellants' third party demand. The principal demand has not been tried on its merits and no final judgment has been rendered thereon. Therefore, jurisdiction over such demand vests exclusively in the trial court (Art. V, Sec. 16, La. Const. of 1974; LSA-C.C.P. Articles 2082, 2083 and 2088), subject only to the exercise by this court of the supervisory powers granted by LSA-C.C.P. Article 2201.
Similarly, in this case, the principal demand has not been tried on its merits and no final judgment has been rendered thereon; therefore, jurisdiction over such demand, including Longenecker's exceptions to that demand, vests exclusively in the trial court.
*485 The second issue before this court is the appeal from the Judgment imposing sanctions and finding the defendant in contempt of court. The Louisiana Code of Civil Procedure article 253 states that the clerk of court shall include in the record all pleadings or documents filed in an action or proceeding after they have been filed and endorsed.
We find as a matter of law, that an attorney who possesses a stamped and filed copy of a document into the record by a clerk of court's office, can rely on said document to be contained in the record. A clerical error in the clerk of court's office, such as a document that was properly stamped and filed not being added to the record, cannot be held against the attorney. Or stated otherwise, an attorney who has a filed and stamped copy from the clerk of court's office, should be able to rely on such a document being present in the record for purposes of a hearing at the trial court level.
At the time of the hearing to determine whether Mr. Longenecker was in contempt his response was not in the record due to an error by the clerk of court's office. Mr. Longenecker has provided this court with a stamped response to discovery properly dated, endorsed and filed prior to the trial court's hearing on the question of sanctions. Because the defendant's response was not in the record due to no fault of his, the trial court did not have the benefit of viewing all the evidence. For this reason we reverse and remand to the trial court for a determination as to whether, in light of said response, the trial court would still find the defendant in contempt of court.
REVERSED AND REMANDED.