EDWIN A. LOMBARD, Judge.
hThis appeal is not properly before the court.

Relevant Facts and Procedural History

This matter arises out of an accident that occurred on December 9, 2009, when the vehicle driven by the plaintiff, Stephen Valentine, struck the back of another vehicle in the right-hand lane of an elevated section of Interstate 10. In addition to filing suit against the owner of the other vehicle and his insurer (Daniel Jenkins and 21st Century National Insurance Company), the plaintiff filed suit against Allstate Insurance Company (Allstate) as his uninsured motorist insurer. However, because the plaintiffs policy had lapsed for nonpayment on November 3, 2009, Allstate moved for summary judgment. Finding in favor of Allstate, the trial court granted summary judgment on April 2, 2012, and dismissed Allstate from the litigation. The plaintiffs counsel filed a notice of intent to file an application for supervisory review on May 2, 2012, but although an order was signed by the trial court on June 1, 2012, allowing the writ application to be filed 12“within the time delays allowed by law,” no writ application was filed in this court.[1]
Meanwhile, on May 18, 2012, the remaining defendants (Daniel Jenkins and *800 21st Century) filed a motion to set the matter for a status conference to set the matter for trial. A pretrial scheduling order was entered and, on July 11, 2012, the defendants (Jenkins and 21st Century) moved for summary judgment, asserting that because the plaintiff did not have automobile insurance at the time of his accident, he was statutorily barred from receiving the first $10,000.00 on his property and bodily injury claims.
Accordingly, on August 23, 2012, the plaintiff filed a motion to make the summary judgment granted in favor of Allstate a final judgment for purposes of appeal. On September 21, 2012, the trial court signed a judgment granting that motion.[2] On October 3, 2012, the trial court signed an order granting the plaintiffs motion for a devolutive appeal from the March 16, 2012, summary judgment.

Applicable Law

Summary judgment may be rendered dispositive of a particular defense in favor of one of the parties even though the granting of summary judgment does not dispose of the entire case. La.Code Civ. Proc. art. 966(E). Although the denial of a motion for summary judgment is not ap-pealable, the granting of summary judgment is a final judgment “with the same effect as if a trial had been had upon evidence regularly adduced.” La Code Civ. Proc. art. 968; see also La.Code Civ. Proc. art. 1915(A)(1) (final judgment may be rendered and signed by the court lswhen it “[djismisses the suit as to less than all of the ... defendants....”); La. Code Civ. Proc. art. 1915(A)(3) (final judgment may be rendered when the court grants a motion for summary judgment); La.Code Civ. Proc. art. 2083 (“A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing by default, or by reformation under Article 1814”). A de-volutive appeal from a final judgment may be taken within sixty days of the expiration of the delay for applying for a new trial if no application has been timely filed. La. Code Civ. Proc. art. 2087. The delay for filing for a new trial is seven days, exclusive of legal holidays. La.Code Civ. Proc. art. 1974.

Discussion

Summary judgment was rendered, dismissing Allstate on April 2, 2012. Although the plaintiff inappropriately filed a notice of intent to seek supervisory review, he did not seek a new trial or reconsideration of the judgment in the trial court and, in fact, did not follow through on seeking supervisory review by this court. Thus, the time period for seeking a devolutive appeal from the summary judgment of April 2, 2012, lapsed long before the plaintiff filed the motion in August to designate the judgment of April 2, 2012, final and appealable. Because the time period had already elapsed, the trial court judgment granting the devolutive appeal is a nullity. Moreover, the plaintiff failed to respond to the order issued by this court on April 25, 2013, to show cause why this appeal should not be dismissed for lack of jurisdiction.
| ¿Conclusion
This appeal is dismissed.
DISMISSED

. Notably, although a denial of summary judgment is properly reviewed in this court by application for supervisory review, a granting of summary judgment is not reviewed on application for supervisory writ. See La.Code Civ. Proc. art. 968.

. On September 14, 2012, the trial court signed an order continuing the hearing on the defendants' (Jenkins and 21st Century) motion for summary judgment "to a date to be determined upon outcome of the Appeal currently pending in connection with this matter.”