| PRECEPT CREDIT | * | NO. 2023-CA-0104 |
| OPPORTUNITIES FUND, LP | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| META HUNTER DAVE, | | FOURTH CIRCUIT |
| JOSEPH BERNARD DAVE, | * | |
| STATE OF LOUISIANA, | | STATE OF LOUISIANA |
| DIVISION OF | * * * * * * * | |
| ADMINISTRATION, OFFICE | | |
| OF COMMUNITY | | |
| DEVELOPMENT, ALVIN | | |
| WITHERSPOON, JOHN DOE 1 | | |
| (OCCUPANT) AND JOHN DOE | | |
| 2 (OCCUPANT) | | |

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| META H. DAVE | NO. 2023-CA-0105 |
| VERSUS | |
| ALVIN WITHERSPOON, | |
| PRECEPT CREDIT | |
| OPPORTUNITIES FUND, LP AND | |
| THE CITY OF NEW ORLEANS | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09662, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen
K. Herman)

James E. Uschold
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

Paul W. Pritchett

JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130


COUNSEL FOR PLAINTIFF/APPELLEE


John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
5000 W. Esplanade Ave
Ste A#284
Metairie, LA 70006


COUNSEL FOR DEFENDANT/APPELLANT


**AFFIRMED;**
**MOTION TO DISMISS APPEAL DENIED;**
**EXCEPTIONS OF NON-JOINDER, NO RIGHT OF ACTION**
**AND NO CAUSE OF ACTION OVERRULED;**
**REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED**
**OCTOBER 3, 2023**

This is a civil action involving a tax sale dispute.  In this consolidated appeal Appellant, Meta Hunter Dave ("Ms. Dave"), appeals two separate September 20, 2022 judgments rendered by the district court on various motions and exceptions filed on behalf of either Ms. Dave or Precept Credit Opportunities Fund, LP ("Precept"). Specifically, in the case entitled *Precept v. Meta Hunter Dave, et al.*, bearing docket number 2018-9662 (the "*Precept* lawsuit"), the district court granted summary judgment in favor of Precept, recognizing Precept as the one hundred percent (100%) owner of the property located at 1905 Allen Street in New Orleans.   In docket number 2019-3026, entitled *Meta H. Dave v. Alvin Witherspoon*, et al. (the "*Meta Dave*" lawsuit), the district court denied Ms. Dave's motion for partial summary judgment against the City of New Orleans, overruled Ms. Dave's exceptions of no cause of action and *res judicata* against Precept, and dismissed as moot Precept's exception of *res judicata* against Ms. Dave. Precept filed a motion to dismiss Ms. Dave's appeal.  Precept also raises the exceptions of non-joinder, no right of action and no cause of action.  Finally, Precept filed an

1

answer to Ms. Dave's appeal, in which Precept is seeking damages for a frivolous appeal. For the reasons that follow, we affirm the district court's judgments, deny Precept's motion to dismiss appeal, overrule Precept's exceptions of non-joinder, no right of action and no cause of action, and deny Precept's request for damages for frivolous appeal.

**FACTS AND PROCEDURAL HISTORY**

Ms. Dave was the record owner of certain immovable property located in Orleans Parish, bearing the municipal address of 1905 Allen Street, New Orleans, LA 70116 (the "Property"). Ms. Dave failed to pay the City of New Orleans *ad valorem* taxes for the year 2014, and the Property was subsequently put up for auction at a tax sale, which was conducted on March 10, 2015. At the tax sale, Precept placed the winning bid of a one hundred percent (100%) undivided interest in the Property, as evidenced by the tax sale certificate executed on April 8, 2015, duly recorded in the Orleans Parish Land Records Division at CIN 574381 on April 17, 2015.

According to Ms. Dave's sworn affidavit, she filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court") on May 26, 2016, which was later confirmed on August 22, 2016. Precept asserts that it did not receive notice of Ms. Dave's filing for bankruptcy relief, objection deadline, confirmation hearing date or entry of the confirmation order. Nevertheless, on August 14, 2018, Precept filed a motion for relief from the automatic stay order issued by the Bankruptcy Court so that Precept

could pursue confirmation of its tax sale title for the Property. The motion was heard on September 25, 2018, and counsel for both Ms. Dave and Precept were present. The following day, on September 26, 2018, Precept filed the *Precept* lawsuit—a petition to quiet tax title—which was assigned to Division F, Section 14 of Civil District Court. ("CDC").[1] The Bankruptcy Court did not issue an order lifting the stay until February 8, 2019.

Precept filed a motion for preliminary default against Ms. Dave on February 19, 2019, noting that, as of that date, Ms. Dave had not filed a response to Precept's September 26, 2018 petition to quiet tax title. The motion was granted by the district court and the preliminary default was entered on February 20, 2019. However, rather than seeking to confirm the default judgment, Precept instead filed a motion for summary judgment against Ms. Dave and three other named defendants on May 15, 2019, in which Precept sought to be declared the one hundred percent (100%) owner of the Property.

In a separate action, on March 22, 2019, Ms. Dave filed a petition to redeem, cancel, and/or annul tax sale ("petition to redeem")—the *Meta Dave* lawsuit, which was assigned to CDC, Division D, Section 12. In the petition to redeem, Ms.

_____

[1] In addition to Ms. Dave, Precept named five other defendants in its petition who possessed a potential interest in the Property. Ms. Dave's former spouse, Joseph Bernard Dave ("Mr. Dave"), was one of these named defendants as having acquired a potential community property interest in the Property at the time of its purchase by Ms. Dave. In the Deed, Ms. Dave declared that she was "acquiring her interest . . . by separate funds as her separate and paraphernal property;" however, Mr. Dave never ratified this declaration. As an absent defendant residing in another state, Mr. Dave was appointed a curator *ad hoc*. The curator was unable to locate Mr. Dave, and, on his behalf, the curator filed an answer to Precept's May 15, 2019 motion for summary judgment, which consisted of general denials. The curator also filed a separate response, in which it was stated that Mr. Dave had no opposition to the motion. The curator was subsequently released from the case on September 12, 2019. None of the other defendants are participants in these proceedings; therefore, we pretermit any discussion of those interests.

Dave named as defendants Precept, Alvin Witherspoon[2] and the City of New Orleans ("the City"). Ms. Dave argued, *inter alia*, that under a payment plan authorized by the Bankruptcy Court, she had made monthly payments that initiated the redemption process, thereby interrupting the three-year peremptive period set forth in La. Const. Art. 7, § 25(B). The City filed an answer on May 2, 2019, in which it asserted several affirmative defenses.

On January 8, 2020, Ms. Dave filed an answer to Precept's petition to quiet tax title. Following, on January 10, 2020, Precept filed an exception of *lis pendens* in the *Meta Dave* lawsuit. After a hearing on the matter, on February 7, 2020, the district court sustained Precept's exception, dismissed without prejudice Ms. Dave's petition to redeem as it related to Precept and reserved Ms. Dave's claims against the City. Ms. Dave timely appealed that judgment to this Court, which affirmed the district court's decision. *See Dave v. Witherspoon*, 20-0239 (La. App. 4 Cir. 11/4/20), 310 So.3d 593.

After an interlude in the *Meta Dave* proceedings, Ms. Dave filed a motion for partial summary judgment against the City on February 9, 2022.[3] In this motion, Ms. Dave demanded redemption of the 2014 tax sale conducted by the City for the tax sale certificate associated with the Property. Ms. Dave once more

---

[2] At a tax sale conducted on September 9, 2014, Mr. Witherspoon purchased a tax sale certificate for an undivided one hundred percent (100)% interest in the Property for unpaid *ad valorem* taxes in the year 2013; however, from the record before us, it does not appear that Mr. Witherspoon took any action to quiet title on the Property.

[3] By way of context, we note that on March 11, 2020, Governor John Bel Edwards declared a state of public health emergency due to the potential for the rapid spread of COVID-19 throughout the State. This emergency declaration was renewed on a monthly basis until it was allowed to expire on March 16, 2022.

asserted that she had initiated redemption payments to the City through the bankruptcy proceeding and that the City was obligated to apply these payments towards redeeming the Property.

On February 25, 2022, Precept filed another motion for summary judgment against Ms. Dave and her former spouse, Mr. Dave,[4] in the *Precept* lawsuit. Once again, Precept sought to be named the one hundred percent (100%) owner of the Property, but also added in its prayer for relief that the district court dismiss with prejudice Ms. Dave's January 8, 2020 answer, which included a nullity action.

On April 7, 2022, Precept filed an unopposed motion to transfer and consolidate the *Meta Dave* lawsuit, which was pending in Division D, with the *Precept* lawsuit, pending in Division F. The district court granted the motion to consolidate on April 25, 2022. Prior to the motion being granted, on April 12, 2022, Precept filed a petition to intervene in the *Meta Dave* lawsuit. Precept sought to join the City in defending against Ms. Dave's motion for partial summary judgment, and to raise the exceptions of *res judicata* and non-joinder of a necessary party, i.e. Precept. Precept further asserted that if the district court were to grant Ms. Dave's motion for partial summary judgment against the City without Precept being a party to the suit, it would constitute a deprivation of Precept's due process rights and a taking of property without just compensation, a violation of both the United States and Louisiana Constitutions. Additionally, Precept posited that because the district court had granted its exception of *lis pendens*, that decision

---

[4] See *supra*, note 1.

5

had become *res judicata* for the case and Ms. Dave could not add Precept as a defendant; thus, Precept's petition to intervene should be maintained.

Precept filed an exception of *res judicata* and opposition to Ms. Dave's motion for partial summary judgment on April 22, 2022. In this pleading, Precept argued that the Bankruptcy Court's order to lift the automatic stay was *res judicata* to the claims made by Ms. Dave in her motion for partial summary judgment because, prior to lifting the stay, the Bankruptcy Court had considered all of the identical arguments that Ms. Dave made in the summary judgment motion. Further, Precept emphasized that prior bankruptcy court jurisprudence explicitly rejected almost every argument made by Ms. Dave in her motion. Finally, Precept objected to the majority of exhibits attached to Ms. Dave's motion for partial summary judgment as being unauthenticated hearsay.

Less than two months later, on June 8, 2022, Ms. Dave filed exceptions of no right of action and *res judicata*. Ms. Dave argued that Precept had no right to intervene in her suit for redemption, because the City, in its role as tax collector, functions as the exclusive agent for redemption. Moreover, Precept had been granted dismissal based upon its declinatory exception of *lis pendens*, but failed to lodge any challenge to Ms. Dave's right of redemption before being dismissed. Any challenge should have been brought by way of counterclaim or reconventional demand in accordance with La. C.C.P. art. 425.[5] Further, because Precept did not

---

[5] La. C.C.P. art. 425 mandates, in part:

> A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.

6

appeal the district court's judgment granting its exception of *lis pendens*, which judgment also preserved Ms. Dave's claim against the City,[6] this judgment was now *res judicata* of that issue. *See* La. R.S. 13:4231(2) ("If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.").

The numerous motions and exceptions came for hearing on September 8, 2022. After hearing arguments of counsel, the district court rendered two discrete judgments, separating the pleadings based upon the district court docket number in which each pleading had been filed. In the *Precept* lawsuit, the district court granted summary judgment in favor of Precept, recognizing Precept as the one hundred percent (100%) owner of the property located at 1905 Allen Street. In the *Meta Dave* lawsuit, the district court denied Ms. Dave's motion for partial summary judgment against the City of New Orleans, overruled Ms. Dave's exceptions of no right of action and *res judicata* against Precept, and dismissed as moot Precept's exception of *res judicata* against Ms. Dave. Ms. Dave timely appealed the district court's judgment. However, before considering the merits of

---

[6] The February 7, 2020 judgment provided, in pertinent part:

> **IT IS FURTHER ORDERED** that the petition of plaintiff Meta H. Dave as against defendant Precept Credit Opportunity Fund, L.P.'s is **DISMISSED WITHOUT PREJUDICE,** reserving Dave's claims against the City of New Orleans.

Ms. Dave's appeal, we will first address Precept's motion to dismiss the instant appeal, as well as the exceptions Precept raises on appeal.

## MOTION TO DISMISS APPEAL

Precept moves to dismiss the appeal lodged with this Court docketed as No. 2023-CA-0104, which seeks to appeal the decision rendered in the *Meta Dave* lawsuit. Precept's argument is premised on the assertion that the judgment rendered in the *Meta Dave* lawsuit is not a final appealable judgment.

"Before considering the merits of any appeal, an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue.'" *Succession of Hickman*, 22-0730, p. 5 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 589 (quoting *Lirette v. Adams*, 22-0552, p. 17 (La. App. 4 Cir. 1/31/23), ___ So.3d ____, ____, 2023 WL 1252737, at *9) (alteration in original). "Louisiana Code of Civil Procedure Article 2083 provides that 'a final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814' and that '[a]n interlocutory judgment is appealable only when expressly provided by law.'" *Id*. at p. 6, 359 So.3d at 590 (alteration in original). "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841.

As this Court has unequivocally held, "[t]he Code of Civil Procedure expressly provides that a judgment denying a motion for summary judgment is not appealable." *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-0674, p. 7 (La. App. 4 Cir.

8

7/21/21), 325 So.3d 1075, 1082 (citing La. C.C.P. art. 968: "An appeal does not lie from the court's refusal to render . . . summary judgment"). Further, this Court has consistently recognized that "the denial of a motion for summary judgment is not appealable even if certified as final by the trial court judge." *Mercato Elisio, L.L.C. v. City of New Orleans*, 22-0228, p. 22, n. 7 (La. App. 4 Cir. 12/21/22), 356 So.3d 505, 518 (citing *Safeguard Storage Properties, L.L.C. v. Donahue Favret Contractors, Inc.*, 10-0673, p. 7, n. 11 (La. App. 4 Cir. 3/31/11), 60 So.3d 110, 116). Moreover, the exceptions asserted by Ms. Dave to the district court—no right of action and *res judicata*—are explicitly defined under La. C.C.P. art. 927[7] as being peremptory in nature. "The overruling of a peremptory exception is merely an interlocutory order." *Foster v. Bias*, 22-0329, p. 15 (La. App. 1 Cir. 12/22/22), 358 So.3d 520, 534.

"However, an appellate court may consider interlocutory judgments . . . as part of an unrestricted appeal from a final judgment." *Everett v. Air Products & Chemicals, Inc.*, 22-0539, p. 3 (La. App. 4 Cir. 5/2/23), ___ So.3d ____, ____, 2023 WL 3193154, at * 7 (quoting *New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans*, 17-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So.3d 682, 688 n.12). Here, in the consolidated appeal docketed with this Court in No. 2023-CA-0105, Ms. Dave seeks to appeal the district court's granting of Precept's

---

[7] La. C.C.P. art. 927 provides, in pertinent part:

    A. The objections that may be raised through the peremptory exception include but are not limited to the following:

* * *

    (3) Res judicata.

* * *

    (6) No right of action, or no interest in the plaintiff to institute the suit.

motion for summary judgment.  This Court has explained, "[a]lthough the denial of a motion for summary judgment is not appealable, the granting of summary judgment is a final judgment 'with the same effect as if a trial had been had upon evidence regularly adduced.'"  *Valentino v. Jenkins*, 12-1672, p. 2 (La. App. 4 Cir. 6/5/13), 119 So.3d 798, 800 (quoting La. C.C.P. art. 968).  Therefore, we will consider Ms. Dave's challenge to the district court's interlocutory judgments together with her unrestricted appeal.[8]  Accordingly, Precept's motion to dismiss docket No. 2023-CA-0104 is denied.

## EXCEPTION OF NON-JOINDER

In this exception, Precept asserts that this Court should dismiss Ms. Dave's entire consolidated appeal based upon its non-joinder as a necessary party relating to Ms. Dave's motion for partial summary judgment.  Precept correctly points out that La. C.C.P. art. 2163 provides, in part, that "[t]he appellate court may consider the peremptory exception filed for the first time in that court . . . if proof of the ground of the exception appears of record."  Our review of the record, however, leads us to the conclusion that this exception is without merit.

As we outlined above, on April 12, 2022, Precept filed a motion to intervene.  Following, on June 8, 2022, Ms. Dave filed exceptions of no right of

---

[8] *See* ROGER A. STETTER, LOUISIANA CIVIL APPELLATE PROCEDURE § 10:44, AT 601 (Thomas Reuters, 2022-2023 ed. 2022) (citing *Trahant v. Perez*, 02-1414 (La. App. 4 Cir. 2003), 843 So. 2d 479:

> Generally, an appeal cannot be taken from a judgment overruling exceptions because such a judgment is merely interlocutory in nature; but jurisprudence allows appeals from otherwise unappealable interlocutory judgments when they form part of an unrestricted appeal from a final judgment.

action and *res judicata*. The sole purpose of these exceptions was to oppose Precept's attempt to intervene in the *Meta Dave* lawsuit. At the September 8, 2022 hearing, when arguing these exceptions, Ms. Dave asserted that Precept had no right to intervene in her petition for redemption against the City because the City functions as the exclusive agent for redemption. Thus, we find that when the district court overruled these exceptions in its September 23, 2022 judgment, that decision had the concomitant effect of granting Precept's motion to intervene. Consequently, we overrule Precept's exception of non-joinder as moot.

## EXCEPTION OF NO RIGHT OF ACTION/NO CAUSE OF ACTION

Precept avers that Ms. Dave's claims for redemption and nullity were improperly asserted by bringing them in a separate action rather than raising them in a compulsory reconventional demand. As such, Precept posits that Ms. Dave had no right of action to bring a separate claim, or, alternatively, that Ms. Dave could not and did not state a cause of action because she was precluded from alleging that she was not a defendant in another action arising out of the same transaction or occurrence. We disagree.

La. R.S. 47:2286 affords that a redemption nullity "may be brought as a reconventional demand or an intervention in an action to quiet title." Comment (d) further clarifies this provision in declaring that "[a] nullity action or action to annul may be brought as its own action, as a reconventional demand or intervention in a suit to quiet title or as an intervention in a monition proceeding." In this instance,

11

Ms. Dave's petition to redeem named the City and Precept as defendants.[9] After

Precept was dismissed from the *Meta Dave* lawsuit when its exception of *lis*

*pendens* was granted, the City remained as a defendant. Because the City was not

a party in the *Precept* lawsuit, we find no procedural error exists. This argument is

without merit. Accordingly, we overrule these exceptions.

## DISCUSSION

Ms. Dave alleges three assignments of error that we believe can best be

summarized as follows: (1) the district court erred by not recognizing that Ms.

Dave initiated redemption of the Property, thereby granting summary judgment in

favor of Precept and denying Ms. Dave's motion for partial summary judgment

against the City; (2) the district court erred in overruling Ms. Dave's exception of

*res judicata*; and (3) the district court erred in overruling Ms. Dave's exception of

no right of action.[10] We will address each in turn.

### *Summary judgments and attempted redemption*

"It is well-settled law that '[t]his Court reviews the granting of '[a] summary

judgment on appeal *de novo*, using the same criteria that govern the [district]

court's determination of whether summary judgment is appropriate.'" *Johnson v.*

*Palazzo*, 22-0502, p. 3 (La. App. 4 Cir. 12/7/22), 353 So.3d 1022, 1023 (quoting

*Cooper v. Brisco*, 22-0196, p. 4 (La. App. 4 Cir. 10/18/22), 366 So.3d 552, 555)

---

[9] Alvin Witherspoon was also named as a defendant, but is not a party to this appeal. See *supra*, note 1.

[10] Ms. Dave's original June 7, 2022 exception was captioned and argued as an exception of no right of action. However, the district court's judgment denying the exception mistakenly referred to the exception as one for no cause of action. Ms. Dave perpetuated this error in her assignment of error to this Court. Our review will consider this issue to be an exception of no right of action.

(alteration in original).  "The burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). "Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* "As noted by this Court in *Heirs of John Beckwith LLC v. Sims*, '[t]he summary judgment procedure can be an appropriate manner by which disputes in property ownership are resolved.'" *Cooper* 22-0196, pp. 4-5, 366 So.3d at 556 (quoting *Heirs of John Beckwith LLC v. Sims*, 20-0476, p. 16 (La. App. 4 Cir. 3/10/21), 315 So.3d 306, 320) (alteration in original).

"'Article VII § 25 of the Louisiana Constitution establishes the basis upon which property holders who are in arrears for payment of ad valorem taxes may be divested of their ownership rights in immovable property.'" *Johnson*, 22-0502, p. 4, 353 So.3d at 1024 (quoting *Cooper*, 22-0196, p. 5, 366 So.3d at 556). "In 2009, the Louisiana Legislature enacted La. R.S. 47:2121 *et seq.*" *Id.* "This set of statutes acts in concert with La. Const. art. VII § 25 to delineate the mechanics of the tax sale procedure under Louisiana law." *Id.*  It is within this framework that we examine the case *sub judice*.

Here, Precept's February 25, 2022 motion for summary judgment included a certified copy of the tax sale certificate, which reflected that Precept purchased a one hundred percent (100%) interest in the Property at the March 10, 2015 tax sale. La. Const. art. VII § 25(A)(1) provides, in part, that "[a] tax deed by a tax collector shall be prima facie evidence that a valid sale was made." Additionally, La. R.S. 47:2155(B) affords that "[a] certified copy of the tax sale certificate is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale." This Court recently noted that "if the tax sale purchaser presents a certified copy of the tax sale certificate, then the burden shifts to the former property owner to 'prov[e] any defects in the tax adjudication proceedings.'" *Lepree v. Dorsey*, 22-0853 (La. App. 4 Cir. 8/11/23), ___ So.3d ____, ____, 2023 WL 5163282, at *7 (quoting *NAR Sols., Inc. v. Kuhn*, 2022-00425, p. 4 (La. 12/9/22), 354 So.3d 1176, 1178). Thus, we find the burden of proof shifted to Ms. Dave to prove some defect in the process.

In order for Ms. Dave to meet this burden, she is limited to "three statutorily enumerated challenges, which if proven, will nullify a tax sale certificate——[i] a payment nullity, [ii] [a] redemption nullity, or [iii] a nullity under La. R.S. 47:2162 [a sale to a prohibited buyer]." *Precept Credit Opportunities Fund, L.P. v. Walker*, 21-0670, p. 8 (La. App. 4 Cir. 6/22/22), 343 So.3d 299, 305 (quoting *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 5 (La. App. 4 Cir 6/10/20), 302 So.3d 71, 76). It is undisputed by either party that the only applicable nullity in this case is related to redemption. "'Redemptive period' means the period in

which a person may redeem property as provided in the Louisiana Constitution." La. R.S. 47:2122(11). La. Const. art. VII § 25(B)(1) dictates, in part, that "[t]he property sold shall be redeemable for three years after the date of recordation of the tax sale."[11]

"It is well settled that the redemption periods provided in the Louisiana Constitution are peremptive." *Coastal Dev. Grp, Inc. of Greater New Orleans v. Lund*, 22-0598, p. 4 (La. App. 4 Cir. 1/11/23), 356 So.3d 1174, 1177 (citing *Smith v. Brumfield*, 13-1171, p. 12 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 78; *see also* La. R.S. 47:2241). "[P]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. "Peremption may not be renounced, interrupted, or suspended." La. C.C. art. 3461. "Peremption differs from prescription in two respects: '(1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.'" *Coastal Dev. Grp*, 22-0598, p. 4, 356 So.3d at 1177 (quoting *Naghi v. Brener*, 08-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 926). We previously noted that the tax sale certificate was recorded in the Orleans Parish Land Records Division on April 17, 2015; therefore, the redemptive period presumptively expired on April 17, 2018.

---

[11] La. Const. art. VII § 25(B)(2) provides for an eighteen-month (18) redemptive period for property located in the City of New Orleans that has either been abandoned or adjudicated as blighted—neither of which is applicable in the instant appeal.

In her brief to this Court, Ms. Dave alleges that she initiated redemption of the Property when she entered into a bankruptcy plan and made payments through that plan that were accepted by the City. Ms. Dave posits that Louisiana jurisprudence establishes that even if redemption is not perfected until after the redemptive period has passed, initiation of redemption prior to its expiration is sufficient to circumvent those requirements. Our review of the record indicates that in her opposition to Precept's motion for summary judgment, Ms. Dave presented much the same argument. Precept objected, and maintains its objection, to the documentation Ms. Dave included in her opposition as being either inadmissible[12] or as failing to support her claim. Further, Precept argued that the jurisprudence cited by Ms. Dave is distinguishable from the case *sub judice*. We find Precept's position to be persuasive.

In support of her premise, Ms. Dave included several attachments that she asserted were proof of her attempt to initiate redemption of the Property. Those attachments included: (1) a sworn affidavit by Ms. Dave, in which she attested to the fact that she had initiated a Chapter 13 bankruptcy proceeding, which was confirmed on August 22, 2016, and entered into a bankruptcy plan, which was approved on August 8, 2016; (2) Exhibit A—a redemption calculation sheet, alleged to have been provided by the City; (3) Exhibit B—a copy of the tax sale certificate wherein Precept purchased its interest in the Property; (4) Exhibit C—a Bankruptcy Court proof of claim form with the City listed as a creditor for unpaid

_____

[12] Precept specifically objects to Exhibits A, C and D, discussed *infra*, as inadmissible because they were unauthenticated hearsay.

16

taxes on the Property; and (5) Exhibit D—a printout of the City's online record of tax payments spanning the years 2016-2022, made for the benefit of the Property.

This Court has recognized that "[t]he presumptive validity of a tax sale can be rebutted only by direct and positive evidence to the contrary." *Lepree*, ___ So.3d at ___, 2023 WL 5163282 at * 7 (quoting *Pfefferle v. State of Louisiana,* 14 Orleans App. 211, 212 (1916)). "A sworn affidavit is hearsay and is not competent evidence unless its use is specifically authorized by statute." *Id*. (citing *Michael F. Smith, CPA v. Alford*, [20]04-0586[, p. 4] (La. App. 1 Cir. 3/24/05), 906 So.2d 674, 676). Furthermore, "[i]n meeting the burden of proof, unsworn or unverified documents attached to a motion for summary judgment are not self-proving and will not be considered as competent summary judgment evidence." *State v. Poree*, 22-0425, p. 5 (La. App. 4 Cir. 12/20/22), 355 So.3d 1105, 1109 (citing *Williams v. Memorial Med. Ctr.*, 03-1806, p. 14 (La. App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053).

Using these precepts, we conclude that Ms. Dave's affidavit as it pertains to the exhibits is hearsay and is unable, on its own, to authenticate Exhibits A, C and D; no other affidavits or deposition testimony was provided to either verify or explain the content of these exhibits. Moreover, Ms. Dave failed to provide the district court or this Court with any documentary evidence that there was a confirmation of the bankruptcy proceeding or that she had ever entered into any bankruptcy plan. Therefore, we find there is insufficient evidence to demonstrate that Ms. Dave initiated an attempt to redeem the property prior to the end of the

redemptive period. As a result, we pretermit any discussion of whether a redemption initiated prior to the expiration of the redemptive period can be perfected after the redemptive period has ended.

### *Ms. Dave's exception of res judicata*

"The standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *Kaptein v. Kaptein*, 19-0784, p. 2 (La. App. 4 Cir. 1/22/20), 289 So.3d 1198, 1199. (quoting *R-Plex Enterprises, LLC v. Desvignes*, 10-1337, p. 2 (La. App. 4 Cir. 2/9/11), 61 So.3d 37, 39). "The doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment." *Id.* 19-0784, pp. 2-3, 289 So.3d at 1200 (quoting *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 210). "Louisiana courts recognize that 'a final judgment has the authority of *res judicata* only as to those issues presented in the pleading and conclusively adjudicated by the court." *Id.* at p. 3, 289 So.3d at 1200. "[I]n order for the doctrine of *res judicata* to apply, the judgment must be final." *Id.*

Ms. Dave argues that Precept employed nefarious litigation tactics when it obtained a final unappealable judgment on its exception of *lis pendens*, then subsequently sought to intervene in Ms. Dave's pending motion for partial summary judgment against the City. It is Ms. Dave's position that the judgment rendered on Precept's exception of *lis pendens* is now *res judicata* in its action against the City because Precept's attempt to intervene is merely seeking to re-

litigate claims and issues arising out of the same factual circumstances. In opposition, Precept reasons that because the exception of *lis pendens* is a declinatory exception, Precept was not truly joined to Ms. Dave's separate action; therefore, Precept was not required to assert its quiet title claims in Ms. Dave's nullity/redemption action. Further, Precept urges that the dismissal of a party by granting an exception of *lis pendens* is not an adjudication on the underlying dispute. We agree.

Louisiana Code of Civil Procedure article 925(A) provides a non-exclusive list of exceptions which may be raised as declinatory exceptions:

> A. The objections that may be raised through the declinatory exception include but are not limited to the following:
> * * *
> (3) Lis pendens under Article 531.[13]

Simply put, "[t]he function of the declinatory exception is to decline the jurisdiction of the court . . . but [it does not] tend[] to defeat the action." La. C.C.P. art. 923. As Precept points out, this Court has previously explained that "*lis pendens* does not address the merits of the disputes between the parties." *Elysian, Inc.*, 18-0683, p. 5, 267 So.3d at 146 (quoting *Parker v. Tulane-Loyola Fed. Credit Union*, 15-1362, p. 10 n. 10 (La. App. 4 Cir. 5/25/16), 193 So.3d 441, 447). Accordingly, we find that the granting of the exception for *lis pendens* did not

---

[13] La. C.C.P. art. 531 provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

19

constitute a final judgment as contemplated by the doctrine of *res judicata*, because the principal dispute between the parties—i.e., Precept's action to quiet title on the Property—was still pending. The district court's denial of Ms. Dave's exception of *res judicata* was legally correct; thus, this assignment of error is without merit.

### *No right of action*

It is Ms. Dave's contention that the tax collector is the exclusive agent for redemption in tax sales; therefore, Precept has no right of action to intervene in Ms. Dave's action against the City. In support of this proposition, Ms. Dave cites to La. R.S. 47:2243, which provides:

> Redemptions shall be made through the tax collector of the appropriate political subdivision . . . . Payment shall include all statutory impositions accruing before the date of payment with five percent penalty and simple interest accruing at one percent per month, as well as all other sums required to be paid pursuant to this Subpart. The tax collector shall promptly remit the redemption payment to the tax sale purchaser; the register shall promptly deposit the redemption payment in the state treasury.

Precept agrees that redemptions are made through the tax collector, but argues that once the peremptive period for redemption has expired, a presumption of ownership arises in favor of the tax sale purchaser and the tax collector no longer has any ministerial duties. Further, Precept argues that because the City had not filed an opposition to Ms. Dave's motion for partial summary judgment, Precept's intervention into this suit was proper in order to protect its interest in the Property. Precept's argument is convincing.

Louisiana Code of Civil Procedure article 1091 establishes the grounds for intervention, and, in pertinent part, provides:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> \* \* \*
>
> (2) Uniting with defendant in resisting the plaintiff's demand

In applying this statute, this Court has laid out a two-part test: "There is a twofold requirement for third-party interventions: the intervenor must have (i) a justiciable interest in, and (ii) a connexity to, the principal action." *Dep't of Transp. & Dev. v. Plaquemines Parish Comm. Council*, 22-0735, p. 4 (La. App. 4 Cir. 4/21/23), 360 So.3d 1276, 1279 (quoting *Leger v. Kent*, 01-2241, pp. 2-3 (La. App 4 Cir. 4/24/02), 817 So.2d 305, 307-308). Therefore, "[f]or a justiciable interest to exist, it must be so related to or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Id.* (citing *Lions Gate Films, Inc. v. Jonesfilm*, 12-1452, p. 6 (La. App. 4 Cir. 3/27/13), 113 So.3d 366, 370). As Precept notes, were Ms. Dave to prevail in her action against the City and the Property were to be redeemed, that judgment would become *res judicata* to Precept's petition to quiet title on the Property. Hence, we conclude that petition to quiet title together with the attached certified tax sale certificate is sufficient to demonstrate that Precept had an interest in the property sufficient to satisfy the provisions of La. C.C.P. art. 1091. Precept had a right of action to intervene. This assignment of error is without merit.

### *Frivolous Appeal*

Precept filed an answer to the instant appeal asking that this Court award damages for a frivolous appeal. La. C.C.P. art. 2164 provides, in part, that "[t]he court may award damages, including attorney fees, for frivolous appeal." *See also* Uniform Rules - Courts of Appeal, Rule 2-19 (providing that "[t]he court may award damages for frivolous appeal in civil cases as provided by law"). However,

"the statute authorizing frivolous appeal damages must be strictly construed in the appellant's favor given that it is penal in nature." *In re Precept Credit Opportunities Fund, L.P.*, 21-0428 p. 9 (La. App. 4 Cir. 1/19/22), 366 So.3d 409, 415 (citing *Sullivan v. Malta Park*, 16-0875, pp. 5-6 (La. App. 4 Cir. 1/31/17), 215 So.3d 705, 709).

As this Court recently outlined:

Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted.... [A]n appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates. However, this court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process.

Damages for a frivolous appeal will be awarded if the appellant is attempting to delay the action, if the appellant does not believe what he is advocating, or if the appeal presents no substantial legal question. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.

*Id.* 21-0428, p. 10, 366 So.3d at 415-16 (quoting *Alexander v. La. State Bd. of Private Investigator Examiners*, 19-0778, p. 20 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1256-57) (alteration in original).

"Although a successful appeal is not a frivolous appeal by definition, an unsuccessful appeal is not necessarily a frivolous appeal." *Id.* (citing *Miralda v. Gonzalez*, 14-0888, pp. 33 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019). "Indeed, '[t]he slightest justification for an appeal precludes damages for a frivolous appeal.'" *Id.* (quoting *Collins v. Franciscan Missionaries of Our Lady Health System, Inc.*, 19-0577, p. 11 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 198) (alteration in original). "Only when an appeal is 'unquestionably frivolous' is an

award of frivolous appeal damages appropriate." *Id.* (quoting *Hampton v. Greenfield*, 618 So.2d 859, 862 (La. 1993).

A review of the record does not lead us to the conclusion that Ms. Dave's appeal was filed in bad faith or for purposes of delay. Accordingly, Precept's request for frivolous appeal damages is denied.

## CONCLUSION

For the foregoing reasons, the judgments of the district court are affirmed; Precept's motion to dismiss appeal is denied; Precept's exceptions of non-joinder, no right of action and no cause of action are overruled and; Precept's request for damages for frivolous appeal is denied.

**AFFIRMED;**
**MOTION TO DISMISS APPEAL DENIED;**
**EXCEPTIONS OF NON-JOINDER, NO RIGHT OF ACTION**
**AND NO CAUSE OF ACTION OVERRULED;**
**REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED**